# Exhibit 4

# C | T | S | W

COHEN TAUBER SPIEVACK & WAGNER LLP

LEO L. ESSES

direct:  212-381-8730
e-mail:  lesses@ctswlaw.com

November 9, 2007

**VIA FACSIMILE**
(212) 536-3901

Douglas F. Broder, Esq.
Kirkpatrick & Lockhart Preston
Gates Ellis LLP
599 Lexington Avenue
New York, New York 10022

    Re:  *Fineman Furniture Co, Inc., et al v. Planned Furniture Promotions, Inc., et al.*
           *Civil Action No. 07 CV 9749*

Dear Mr. Broder:

    We represent the defendants in the above-captioned action. In an effort to avoid time and costs associated with motion practice, we write to alert you to various deficiencies in the claims in Fineman Furniture Co., Inc.'s ("Fineman") complaint, and to give you the opportunity voluntarily to withdraw them.

    Fireman's first claim is for breach of contract. The second is for breach of the implied covenant of good faith and fair dealing.

    It is well settled that "New York law…does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *see also Nader v. ABC Television, Inc.*, 330 F. Supp.2d 345, 349 (S.D.N.Y. 2004) (Rakoff, J.); *Fin. One Pub Co. v. Lehman Bros. Special Fin. Inc.*, 215 F. Supp. 2d 395, 403 (S.D.N.Y. 2002). Moreover, the courts have rejected such a claim where, as here, it seeks to recover for damages that are intrinsically tied to, and are redundant of, the damages allegedly resulting from the breach of contract. *Canstar v. J.A. Jones Constr. Co.*, 212 A.D.2d 452, 453 (1st Dep't 1995) (dismissing a counterclaim for breach of good faith and fair dealing as redundant of the breach of contract claim).

    Fineman's fourth (fraud in the inducement) and fifth (common law fraud) claims also are deficient as they arise from the same set of facts underlying the breach of contract claim. Specifically, the Complaint alleges that: (i) "PFP consistently overcharged Fineman Furniture more than the landed factory cost of the Additional

C | T | S | W

Douglas F. Broder, Esq.
November 9, 2007
Page 2 of 3

Inventory" (Complaint ¶¶ 67-69); (ii) "PFP never had any intention of conducting the Sale in good faith" (Complaint at ¶ 166); (iii) "falsely and fraudulently conduct[ed] the inventory count" (Complaint at ¶ 171); (iv) made "unauthorized payments from the Sale Account" (*Id.*); and (v) charged "Fineman Furniture for PFP's expenses unrelated to the Sale" (*Id.*). Under New York law, "where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract. In other words, simply dressing up a breach of contract claim by further alleging that the promissor had no intention, at the time of the contract's making, to perform its obligations thereunder, is insufficient to state an independent tort claim." *See In re Andrew Velez Const., Inc.*, 373 B.R. 262 (Bkrtcy. S.D.N.Y. 2007), *citing, Telecom Intern. America, Ltd. v. AT & T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001). Given that the facts underlying Fineman's fraud claims restate the breach of contract allegations, the fraud claims cannot survive. Fineman's tenth cause of action for conspiracy to defraud becomes moot upon dismissal of Counts 4 and 5.

Fineman's third claim for relief (breach of fiduciary duties) also is deficient. A fiduciary duty arises between parties only when there exists a special relationship. Absent an allegation of a special relationship, mere assertions of "trust and confidence" are insufficient to support a claim of a fiduciary relationship. *See Freedman v. Pearlvan*, 271 A.D.2d 301 (1st Dep't 2000). Thus, for example, the fact that one party trusts the other is insufficient to create a fiduciary relationship. *Abercrombie v. Andrew College*, 438 F. Supp. 2d 243 (S.D.N.Y. 2006). Moreover, a fiduciary relationship does not arise between parties that engaged in arm's length business transactions. *Id.*; *Dopp v. Teachers Ins. & Annuity Ass'n*, 1993 WL 404076, *5 (S.D.N.Y., Oct. 1, 1993) ("the arm's-length relationship of parties in a business transaction is, if anything, antithetical to the notion that either would owe a fiduciary relationship to the other"); *Greenberg v. Chrust*, 198 F. Supp. 2d 578, 585 (S.D.N.Y. 2002) ("[P]arties to arms length commercial contracts do not owe each other a fiduciary obligation."); *Surge Licensing, Inc. v. Copyright Promotions Ltd.*, 258 A.D.2d 257 (1st Dep't 1999) (dismissing breach of fiduciary claim where the parties' agreement was premised upon a conventional business relationship, thus did not give rise to a fiduciary relationship). Therefore, whatever duties PFP allegedly owed Fineman, it owed them as a consequence of the contract between the parties and not as a result of any special relationship. As the underlying cause of action cannot be maintained, Fineman should also dismiss the eleventh cause of action for aiding and abetting.

Defendants also do not believe that Fineman's unjust enrichment claim (count 9) will survive a motion to dismiss. In New York, it is well-settled that an unjust enrichment claim must be dismissed where, as here, the contract covers the entire subject

C | T | S | W

Douglas F. Broder, Esq.
November 9, 2007
Page 3 of 3

matter. *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987); *Surge Licensing, Inc.*, 258 A.D.2d at 257.

    In sum, Fineman should voluntarily withdraw its second, third, fourth, fifth, ninth, tenth and eleventh claims for relief. In addition to avoiding the expenses associated with a motion to dismiss, defendants note that the parties also would avoid delay associated with such a motion. Indeed, we believe that all parties will benefit from proceeding to the merits of this case and a quick resolution of this dispute.

    Please advise us by Monday November 12, 2007 if you will be amending the Complaint. If not, then please let us know when you are available on Tuesday, November 13, 2007 so that we may conduct a pre-motion conference call with the Court in compliance with Judge Rakoff's Individual Practice and Rules.

                                     Very truly yours,

                                     Leo L. Esses

LLE/amc

cc:    Stephen Wagner, Esq.
        Y. Jerry Cohen, Esq.