UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FINEMAN FURNITURE CO. INC. and          :
SEYMOUR FINEMAN, individually,          :      Civil Action No. 07 Civ. 9749 (JSR)
                                        :
              Plaintiffs,               :
v.                                      :
                                        :
PLANNED FURNITURE PROMOTIONS, INC.,     :
GENE ROSENBERG AND ASSOCIATES, LLC,     :
EUGENE ROSENBERG, LESTER ROY            :
HESTER, PAUL COHEN, KURT EARLYWINE,     :
FURNITURE AUCTIONS OF AMERICA,          :
TODAY'S FURNITURE, and BH ASSOCIATES,   :
INC.,                                   :
                                        :
              Defendants.               :
-------------------------------------------------------------X


## DEFENDANTS' JOINT MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS


COHEN TAUBER SPIEVACK & WAGNER P.C.
420 Lexington Avenue
Suite 2400
New York, New York 10170
(212) 586-5800

## TABLE OF CONTENTS

Page

I.    Preliminary Statement ........................................................................1

II.   Statement of Facts ...........................................................................3

III.  Argument.......................................................................................6

    A. Motion to Dismiss .......................................................................6

    B. Fineman's Breach of Implied Covenant of Good Faith and Fair
       Dealing is Duplicative of Its Breach of Contract Claim and
       Must Be Dimissed........................................................................7

    C. PFP Had No Fiduciary Duty to Fineman.......................................10

    D. Fineman's Cause of Action For Fraud Must Be Dimissed...........12

    E. Fineman's Equitable Claim Against PFP is Precluded as a
       Result of the Agreement ...............................................................14

    F. The Cause of Action Against All the Other Defendants For
       Unjust Enrichment Must Be Dismissed.......................................15

    G. Fineman's Cause of Action for Conspiracy
       Must Be Dismissed .....................................................................15

         i.   The Individual Defendants..............................................15

         ii.  The Complaint Has No Allegations of Fraud Against
           the Individual and Corporate Defendants .......................16

    H. Plaintiffs' Claim for Aiding and Abetting Breach of Fiduciary
       Duty Must Be Dismissed ............................................................18

i

     I.  Plaintiff Should Not Be Allowed to Serve a Second Amended Complaint ...................................................................................... 19

IV.   Conclusion ........................................................................................ 20

# Table of Authorities

**Page**

## Cases

*767 Third Ave. LLC v. Greble & Finger LLP,*
   778 N.Y.S. 2d 157 (1st Dep't 2004)..................................................................12

*Abercrombie v. Andrew College*
   438 F. Supp. 2d 243 (S.D.N.Y. 2006) ...........................................................10

*Alter v. Bogoricin*
   1997 WL 691332 (S.D.N.Y. Nov. 6, 1997).................................................7, 8

*Bayou Hedge Funds Investment Litigation*
   472 F. Supp. 2d 528 (S.D.N.Y. 2007) ......................................................18, 19

*Bogdan v. Stolt-Nielsen S.A.*
   2005 WL 755764 (E.D.N.Y. Mar. 29, 2005) ..................................................6

*Calvin Klein Trademark trust v. Wachner*
   129 F. Supp. 2d 248 (S.D.N.Y. 2001) .....................................................10, 11

*Caniglia v. Chicago Tribune-New York News Syndicate Inc.*
   612 N.Y.S. 2d 146 (1st Dep't 1994)................................................................12

*Canstar v. J.A. Jones Constr. Co.*
   622 N.Y.S. 2d 730 (1st Dep't 1995)..................................................................9

*Casalino Interior Demolition Corp. v. Custom Data, Inc.*
   653 N.Y.S. 2d 35 (2d Dep't 1997). ...................................................................9

*Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*
   521 N.Y.S. 2d 653 (1987)...............................................................................14

*Cumis Ins. Soc'y Inc. v. Peters*
   83 F. Supp. 787 (N.D.Ill. 1997).....................................................................10

*Debora v. WPP Group PLC*
   1994 WL 177291 (S.D.N.Y., May 05, 1994) ................................................19

*DeJesus v. Sears, Roebuck & Co.*
   87 F.3d 65 (2d Cir. 1996); ................................................................................6

*Dopp v. Teachers Ins. & Annuity Ass'n,*
  1993 WL 404076 (S.D.N.Y., Oct. 1, 1993) ............................................... 10

*Faulkner v. Verizon Communications, Inc.*
  189 F. Supp. 2d 161 (S.D.N.Y. Mar. 22, 2002) ........................................ 19

*Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*
  215 F. Supp. 2d 395 (S.D.N.Y. 2002) ..................................................... 7

*Gurfein v. Ameridtrade, Inc.*
  2007 WL 2049771 (S.D.N.Y. July 17, 2007) ........................................... 6

*Harris v. Provident Life & Accident Ins. Co.*
  310 F.3d 73 (2d Cir. 2002) ............................................................... 7, 8

*Hunt v. ENZO Biochem, Inc.*
  471 F. Supp. 2d 390 (S.D.N.Y. 2006).. .............................................. 16, 17

*Klein v. Vision lab telecomm., Inc.*
  399 F.Supp. 2d 528 (S.D.N.Y. 2005) ..................................................... 6

*Kolbeck v. LIT America, Inc.,*
  939 F. Supp. 240 (S.D.N.Y. 1996) ...................................................... 18

*Levy v. Southbrook Intl's Invs. Ltd.*
  263 F.3d 10 (2d Cir. 2001). ............................................................... 6

*Millburn v. Blackfrica Promotions, Inc.*
  392 F. Supp. 434 (S.D.N.Y 1947) ....................................................... 16

*Nader v. ABC Television, Inc.*
  330 F. Supp. 2d 345 (S.D.N.Y. 2004)........................................................ 8

*New York Univ. v. Continental Ins. Co.,*
  639 N.Y.S. 2d 283 (1995) ................................................................. 12

*Pope v. Rice*
  2005 WL 613085 (S.D.N.Y. Mar. 14, 2005) ........................................... 18

*S Merkel Associates, Inc. v. Bello from Corp.,*
  437 F. Supp. 612 (N.D.N.Y. 1979) ...................................................... 16

*Sciolino v. Marine Midland Bank-Western*
  463 F.Supp. 128 (N.D.N.Y.1979) ........................................................ 16

*Soft Classic S.A. de C.V. v. Hurowitz*
    444 F. Supp. 2d 231 (S.D.N.Y.2006.............................................................................12

*Steed Finance LDC v. Laser Advisers, Inc.*
    258 F. Supp. 2d 272 (S.D.N.Y. 2003).........................................................................19

*Sudal v. Computer Outsourcing Servs.*
    868 F. Supp. 59 (S.D.N.Y. 1994)...............................................................................14

*Surge Licensing, Inc. v. Copyright Promotions Ltd.*
    258 A.D. 2d 257 (1st Dep't 1999)..............................................................................10

*TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group*
    244 F. Supp. 2d 263 (S.D.N.Y. 2003)..........................................................................9

*Unicredito Italiano Spa v. JPMorgan Chase Bank T.P.*
    288 F. Supp. 2d 485 (S.D.N.Y. 2003).........................................................................14

*Vasile v. Dean Witter Reynolds Inc.,*
    20 F. Supp. 2d 465 (E.D.N.Y.1998)......................................................................15, 18

*Wolf v. Rare Medium, Inc.*
    210 F. Supp. 2d 490 (S.D.N.Y. 2002)..........................................................................8

*W.S.A., Inc. v. ACA Corp.*
    1996 WL 551599 (S.D.N.Y. Sept. 27, 1996)................................................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FINEMAN FURNITURE CO. INC. and
SEYMOUR FINEMAN, individually,                              :       Civil Action No. 07 Civ. 9749 (JSR)

                     Plaintiffs,

v.

PLANNED FURNITURE PROMOTIONS, INC.,
GENE ROSENBERG AND ASSOCIATES, LLC,
EUGENE ROSENBERG, LESTER ROY
HESTER, PAUL COHEN, KURT EARLYWINE,
FURNITURE AUCTIONS OF AMERICA,
TODAY'S FURNITURE, and BH ASSOCIATES,
INC.,

                     Defendants.

------------------------------------------------------------X

## DEFENDANTS' JOINT MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Defendants Planned Furniture Promotions, Inc. ("PFP"), Gene Rosenberg and

Associates, LLC ("GRA"), Eugene Rosenberg ("Rosenberg"), Paul Cohen ("Cohen"), Lester

Roy Hester ("Hester"), Kurt Earlywine ("Earlywine"), Today's Furniture, Furniture Auctions

of America ("FAA"), and BH Associates, Inc. ("BH Associates," together with PFP, GRA,

FAA, Rosenberg, Cohen, Hester, Today's Furniture, and Earlywine, the "Defendants"), by

their attorney, Cohen Tauber Spievack & Wagner P.C., respectfully submit this joint

memorandum of law in support of their motion to dismiss the Second, Third, Fourth, Eighth,

Ninth and Tenth Causes of Action alleged in the Amended Complaint (the "Complaint"). As

set forth in detail below, the Defendants' motion should be granted in all respects.

## I.     PRELIMINARY STATEMENT

The claims for relief set forth in the Complaint are premised on the terms of an

agreement between Fineman Furniture Co. Inc. ("Fineman") and PFP, dated March 27, 2006

(the "Agreement," attached to the Esses Aff. as Exhibit 2).[1]  The Agreement called for PFP, a company offering, *inter alia*, consulting services to the retail furniture industry, to provide such services to Fineman in conducting its "going out of business" sale (the "GOB Sale") at Fineman's store located in Harlem, New York (the "Store").  The GOB Sale lost money. Instead of Fineman and its principal, Seymour Fineman ("Mr. Fineman," together with Fineman, "Plaintiffs"), bearing such loss as required by the Agreement, the Plaintiffs filed a 42-page, 226 paragraph complaint alleging, among other things, a vast conspiracy between and among the Defendants that they somehow caused the loss.  Parsing through the miasma of the pleading, however, this case really is a simple contract action between Fineman and PFP. Therefore, by this motion, Defendants seek to:

1. Dismiss the Second Cause of Action for breach of implied covenant of good faith and fair dealing as redundant of the contract claim;

2. Dismiss the Third Cause of Action for breach of fiduciary duty, as no special relationship existed between Fineman and PFP;

3. Dismiss the Fourth Cause of Action for common law fraud as the fraud claims (i) arise from the same set of facts as the First Cause of Action for breach of contract, and (ii) are not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure;

4. Dismiss the Eighth Cause of Action for unjust enrichment against (i) PFP, as the Agreement covers the entire subject matter of the allegations, and (ii) the remaining Defendants, as there are no allegations in the Complaint to substantiate that any of the other Defendants were unjustly enriched;

---

[1] "Esses Aff." refers to the Affidavit of Leo L. Esses, sworn to January 10, 2008, and submitted in support of this Motion to Dismiss.

5.     Dismiss the Ninth Cause of Action for conspiracy to defraud because (i) the

underlying tort for the conspiracy – the Fourth Cause of Action – should be

dismissed, and (ii) the claim for conspiracy is not pled with the requisite

particularity;

6.     Dismiss the Tenth Cause of Action for aiding and abetting breach of fiduciary

duty because (i) the underlying tort – the Third Cause of Action – should be

dismissed, and (ii) there are no allegations pled to substantiate that any of the

other Defendants aided and abetted PFP.

Dismissing these redundant, extraneous and legally deficient causes of action will

permit the parties to litigate the real issue in this action - - the alleged breach of the Agreement.

## II.      STATEMENT OF FACTS[2]

Fineman was a family owned retail furniture store located in Harlem, New York.

(Complaint ¶ 18).  In 2006, Fineman's president, Mr. Fineman, decided to retire and close the

Store.  Complaint ¶¶ 1 & 5.  After entering into discussions with several professional furniture

liquidation companies, Mr. Fineman entered into negotiations with PFP and negotiated the

Agreement with PFP representatives, which was executed on or about March 27, 2006 by Mr.

Fineman and Hester in his capacity as PFP's vice president of Sales (Complaint ¶¶ 21-33;

Esses Aff., Ex. 2).   Under the Agreement, PFP became Fineman's exclusive consultant

regarding the the GOB Sale.  Complaint ¶ 34.  The Agreement states, among other things, that

PFP would (a) provide a team of experienced furniture personnel for the GOB Sale (Esses Aff.,

Ex. 2, paragraph 2.1(a)); (b) advance funds for preparation of the GOB Sale and for expenses

of the GOB Sale (*Id.* at Section 2.1(d)); (c) pay expenses of the GOB Sale (*Id.* at paragraph

_____

[2]      For purposes of this motion only, the well-pled facts alleged in the Complaint are
taken as true.

4.4); (d) cooperate and consult with Fineman on the advertising campaign of the GOB Sale (*Id.* at paragraph 4.9); (e) obtain additional inventory, on PFP's credit lines, for the GOB Sale (*Id.* at paragraph 5.1); and (f) conduct an auction at the end of the GOB Sale (*Id.* at paragraph 7). Additionally, the Agreement unambiguously provided that PFP did not guarantee the profitability of the GOB Sale and that any loss was the responsibility of Fineman. The Agreement also contained an integration clause. *Id.* at paragraphs 12 and 16.4.

The GOB sale commenced on or about May 8, 2006. Complaint ¶ 36. Plaintiffs set forth a laundry list of PFP's alleged violations of the Agreement, including not completing the inventory, assigning duplicate lot numbers to different items of inventory, and mislabeling Fineman inventory (Complaint ¶¶ 37-39, 80-81); not updating the inventory on a daily basis and not determining the cost value of Fineman's inventory (Complaint ¶¶ 40-41, 58-59); not properly classifying Fineman's "A" inventory, undervaluing Fineman's "B" inventory, and only including a fraction of Fineman's furniture in the inventory (Complaint ¶¶ 42-47); failing to merchandise, display, price or tag all of Fineman's inventory, using encoded sales tags with code letters and acronyms that only had meaning to PFP, listing fictitious manufacturer or model numbers on customer receipts, and not removing Fineman inventory from its packaging or displaying it on the Store's showroom floor (Complaint ¶¶ 49-57); failing, to pay Fineman its freight costs (Complaint ¶ 60); purchasing additional inventory (the "Additional Inventory") which was not authorized by Fineman (Complaint ¶¶ 62-65); unfairly competing with Fineman by giving precedence to and selling more Additional Inventory than Fineman's inventory (Complaint ¶¶ 68, 72-75); ordering inventory not appropriate for the Store, including damaged inventory, floor samples, and outdated and discontinued furniture (Complaint ¶¶ 69-71, 83, 85, 86); charging Fineman's more than the landed factory cost of the

Additional Inventory (Complaint ¶¶ 76-77, 100); making payments from the bank accounts set up for the GOB Sale that were not legitimate expenses of the GOB Sale or neglecting to pay valid expenses of the GOB Sale (Complaint ¶¶ 88-99, 105-108, 140-141); improperly accepting credit card and bank chargebacks (Complaint ¶¶ 102 & 130); failing to reimburse Fineman for GOB Sale expenses paid by Fineman and Mr. Fineman (Complaint ¶¶ 103-116); failing to pay Mr. Fineman's commissions (Complaint ¶¶ 104, 131-312); failing to cooperate with Fineman regarding advertising for the GOB Sale (Complaint ¶¶ 110-115, 119-121); failing to deposit proceeds from the sale of Fineman's electronics and appliances to Fineman (Complaint ¶¶ 122-123); damaging Fineman assets (Complaint ¶¶ 124-126); failing to adjust its commission downward if the average gross margins fell below applicable gross margin requirements (Complaint ¶¶ 128-129); improperly paying itself commissions (Complaint ¶ 130); underpaying Fineman for the sale of Fineman's inventory (Complaint ¶ 134); failing to make records available during the GOB Sale (Complaint ¶¶ 135, 152-154); taking or giving away Fineman inventory, appliances and other items without authorization, and removing from the Store Fineman's proprietary customer and mailing lists (Complaint ¶¶ 136-137); and a host of other alleged breaches of the Agreement.

Plaintiffs, however, are not content to set forth a garden variety contract action. Instead, they prefer to take a scorched earth approach by also alleging (i) breach of the implied covenant of good faith and fair dealing against PFP; (ii) breach of fiduciary duty against PFP; (iii) common law fraud against PFP; (iv) New York unfair competition against PFP; (v) conversion against PFP; (vi) accounting against PFP; (vii) unjust enrichment against all of the Defendants; (viii) conspiracy to defraud against all Defendants, except PFP; (ix) aiding and

abetting breach of fiduciary duty against all Defendants, except PFP; and (x) Mr. Fineman's breach of contract action against PFP.

This Court should not sanction Plaintiffs' abuse of the pleading process by allowing them to transform this contract action into one sounding in fraud, breach of fiduciary obligations and conspiracy. Thus, all of the claims, except for breach of contract, should be dismissed.

## III. ARGUMENT

### A. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all well-pleaded factual allegations to be true and draw all reasonable inferences in favor of the plaintiff. *Levy v. Southbrook Intl's Invs. Ltd.*, 263 F.3d 10, 14 (2d Cir. 2001). However, "the complaint must set forth enough information to suggest that relief would be based on some recognizable legal theory." *Bogdan v. Stolt-Nielsen S.A.*, 01 Civ 1910 (ASJ), 2005 WL 755764, at *1 (E.D.N.Y. Mar. 29, 2005) (quotation omitted)(Tab 1). "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Id.* (quoting *DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)); *see Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528, 537-38 (S.D.N.Y. 2005) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). Additionally, a court may consider exhibits that are submitted with the complaint. *Gurfein v. Ameridtrade, Inc.* 2007 WL 2049771 (S.D.N.Y. July 17, 2007)(Tab 2).

**B.    Fineman's Breach of Implied Covenant of Good Faith and Fair Dealing is Duplicative of Its Breach of Contract Claim and Must Be Dismissed**

Fineman's Second Cause of Action for breach of the implied covenant of good faith and fair dealing must be dismissed because "New York law… does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *see also Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 215 F. Supp. 2d 395, 403 (S.D.N.Y. 2002)(holding that "a plaintiff may not maintain a good faith and fair dealing claim where that claim is based upon the same factual allegations and seeks the same damages as the plaintiff's claim for breach of an express provision of the contract"). "In fact, one court in [the Southern District of New York] recently has observed that every court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative." *Alter v. Bogoricin*, No 97 Civ. 0662 (MBM), 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997)(Mukasey, J.)(Tab 3), *citing W.S.A., Inc. v. ACA Corp.*, Nos. 94 Civ. 1868 (CSH), 94 Civ. 1493 (CSH), 1996 WL 551599, at *9 (S.D.N.Y. Sept. 27, 1996) (Haight, J.)(Tab 4).

For example, in *Alter v. Bogoricin*, the Court rejected plaintiff's argument that its breach of good faith and fair dealing claim constituted wrongful acts separate and distinct from its breach of contract claim, because the relief sought by plaintiff was "intrinsically tied to the damages allegedly resulting from the breach of contract." *Alter*, 1997 WL 691332, at *8. The court explained that this was because the damages sought by plaintiff as a result of the breach of good faith and fair dealing were identical to the damages sought for the alleged breach of the contract. *Id.* The Court also noted that the fact that plaintiff chose not to include certain

- 7 -

information in its breach of contract claims "does not mean that those acts support a separate claim for breach of an implied covenant of good faith." *Id.*

Fineman's good faith and fair dealing claim is duplicative of its breach of contract claim because it rests entirely on PFP's alleged failure to honor the contractual relationship established by, and the terms set forth in, the Agreement. Paragraph 165 of the Complaint, among other paragraphs, makes this clear. Fineman asserts that PFP breached the Agreement with Fineman in order to benefit PFP by violating the going out of business laws of New York, not paying Fineman for the sale of its furniture and selling its own furniture at the GOB Sale. Complaint ¶ 165. However, these allegations of the Second Cause of Action are already encompassed in Fineman's breach of contract cause of action. See Complaint ¶¶ 65, 68, 72-75 and 134. Thus, it cannot survive as an independent claim. *Harris,* 310 F.3d at 81; *Nader v. ABC Television, Inc.,* 330 F. Supp. 2d 345, 349 (S.D.N.Y. 2004) (Rakoff, J.)(dismissing claim for breach of good faith and fair dealing).

Fineman's claims for breach of the covenant of good faith and fair dealing also must be dismissed because it seeks to recover for obligations that are not part of the Agreement. New York law is clear that the implied covenant of good faith and fair dealing cannot be used to create independent obligations beyond the contract. See, e.g., *Wolf v. Rare Medium, Inc.,* 210 F. Supp. 2d 490, 497 (S.D.N.Y. 2002) ("the obligation of good faith and fair dealing does not create obligations that go beyond those intended and stated in the language of the contract")(citations omitted). Nothing in the Agreement between PFP and Fineman precludes the sale of any amount of Additional Inventory during the GOB Sale, nor establishes the amount of Fineman inventory that must be sold. Therefore, Fineman's Second Cause of

Action improperly seeks to use the implied covenant of good faith and fair dealing to impose additional terms upon the parties, and for this reason is dismissible as well.

Finally, Fineman's claim for breach of covenant of good faith and fair dealing is duplicative because it seeks to recover, *inter alia*, identical damages to those sought in its breach of contract claims (in excess of $1,350,000). Under New York law, claims for breach of the covenant of good faith and fair dealing seeking to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract must be dismissed as redundant. *See, e.g., Casalino Interior Demolition Corp. v. Custom Data, Inc.,* 653 N.Y.S. 2d 35, 36 (2d Dep't)(a breach of an implied covenant of good faith and fair dealing "is merely an element of the damages for the breach of contract"), *appeal dismissed,* 89 N.Y. 2d 1085, 659 N.Y.S.2D 859 (1997); *Canstar v. J.A. Jones Constr. Co.,* 622 N.Y.S. 2d 730, 731 (1st Dep't 1995)(dismissing a counterclaim for breach of good faith and fair dealings as redundant "since a breach of the implied covenant of good faith and fair dealing is intrinsically tied to the damages allegedly resulting from a breach of the contract"); *see also, TVT Records and TVT Music, Inc. v. The Island Def Jam Music* Group, 244 F. Supp. 2d 263, 277 (S.D.N.Y. 2003)(Marrero, J.)(granting summary judgment dismissing a claim for breach of the covenant of good faith and fair dealing where the harm to reputation and business standing alleged by Plaintiff did not constitute an independent basis for the alleged violation of presumed agreement as such losses were not independent basis for the alleged violation of presumed agreement as such losses were not independent of the alleged breach of contract).

Fineman's claim for breach of covenant of good faith and fair dealing clearly seeks to recover damages that are intrinsically tied to the damages it seeks to recover in its breach of contract claim (compare Complaint ¶¶ 160 and 167) and should be dismissed.

**C.    PFP Had No Fiduciary Duty to Fineman**

Fineman's Third Cause of Action for breach of fiduciary duty must be dismissed because, among other things, as a matter of law, PFP owed no fiduciary duty to Fineman. A fiduciary duty arises between parties only when there exists a special relationship. *Abercrombie v. Andrew College,* 438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006)(conclusory allegations of a special relationship are insufficient to a state claim for fiduciary duty). Absent an allegation of a special relationship, mere assertions of "trust and confidence" are insufficient to support a claim of a fiduciary relationship.  *Id.*  Thus, for example, the fact that one party trusts the other is insufficient to create a fiduciary relationship. *Id.; citing Cumis Ins. Soc'y Inc. v. Peters*, 983 F. Supp. 787, 797 (N.D.Ill. 1997).  Moreover, a fiduciary relationship does not arise between parties that engaged in arm's length business transactions. *Id.*; *Calvin Klein Trademark Trust v. Wachner*, 129 F. Supp. 2d 248, 250 (S.D.N.Y. 2001)(Rakoff, J.); *Dopp v. Teachers Ins. & Annuity Ass'n,* 1993 WL 404076, *5 (S.D.N.Y., Oct. 1, 1993)(Tab 5) ("the arm's-length relationship of parties in a business transaction is, if anything, antithetical to the notion that either would owe a fiduciary relationship to the other"); *Surge Licensing, Inc. v. Copyright Promotions Ltd.,* 258 A.D.2d 257 (1st Dep't 1999) (dismissing breach of fiduciary claim where the parties' agreement was premised upon a conventional business relationship, thus did not give rise to a fiduciary relationship).

In *Calvin Klein*, this Court dismissed a breach of fiduciary claim very much like the one alleged in this action on the grounds that the servicing agreement between plaintiff and defendant was an arm's-length contract between sophisticated parties that would not be held to entail fiduciary duties absent some express agreement to that effect. 129 F. Supp. 2d at 250.  Indeed, the servicing agreement, like the Agreement here,

- 10 -

suggests, if anything, the absence of any fiduciary relationship, for it explicitly disavowed any joint venture or partnership relationship between the parties. *Id.*

Here, the Agreement was negotiated and executed by sophisticated parties at arm's length that created an ordinary contractual relationship between the parties. Mr. Fineman, president of Fineman, began running the business in 1960, and survived and prospered even during Harlem's tough times, "including the riots of the 60's and inner city deterioration." Complaint ¶ 18. Of the 126 furniture stores operating within ten blocks of Fineman in the 1940s, only Fineman survived to 2006. *Id.* When it came time to close Fineman, Mr. Fineman explored several "exit" options and entered into discussions with several professional furniture liquidation companies. Complaint ¶¶ 19 and 20. Indeed, prior to entering into the Agreement, Plaintiffs and PFP conducted extensive and significant negotiations. Complaint ¶¶ 21-28.

Additionally, the Agreement itself discredits Plaintiffs' fiduciary relationship allegations, as it disavows any relationship between the parties, except PFP's role as consultant to Fineman. Plaintiffs concede that Fineman retained PFP as its "exclusive consultant to assist Fineman Furniture in wrapping up its business." Complaint ¶ 34. Moreover, the Agreement specifically provides that "the parties acknowledge and agree that nothing contained in this Agreement will be construed to create a relationship between them as employer/employee, joint venturers, or partners. It is the intention of the parties that each party be deemed independent of the other." Esses Aff, Ex. 2, paragraph 11.

Whatever duties PFP allegedly owed Fineman, it owed them as a consequence of the Agreement between the parties and not as a result of any special relationship. The Third Cause of Action for breach of fiduciary duty must be dismissed.

### D.     <u>Fineman's Cause of Action For Fraud Must Be Dismissed</u>

In its Fourth Cause of Action for common law fraud, Fineman alleges that PFP made material misrepresentations and concealed essential facts for the purpose of inducing and misleading Fineman into entering into the Agreement. Complaint ¶ 176. Fineman claims further that PFP "never intended to perform under the agreement." *Id.* ¶ 175.

New York courts have held that no cause of action for fraud exists where the only "fraud" alleged relates to a party's lack of intent to perform a contract it has entered into. *767 Third Ave. LLC v. Greble & Finger LLP,* 778 N.Y.S. 2d 157 (1st Dep't 2004); *see also New York Univ. v. Continental Ins. Co.,* 639 N.Y.S. 2d 283 (1995) ("[g]eneral allegations that defendant entered into a contract while lacking the intent to perform it are not sufficient to support the [fraud] claim."); *Caniglia v. Chicago Tribune-New York News Syndicate Inc.,* 612 N.Y.S. 2d 146 (1st Dep't 1994)("[i]t is well settled that a cause of action for fraud does not arise, where…the only fraud alleged merely relates to a contracting party's alleged intent to breach a contractual obligation"). To state a fraud claim in conjunction with a breach of contract claim under New York law, a plaintiff "must allege either: (1) the violation of a legal duty separate and apart from the contractual duty to perform, (2) a fraudulent representation collateral or extraneous to the contract, or (3) special damages proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages." *Sofi Classic S.A. de C.V. v. Hurowitz,* 444 F. Supp. 2d 231, 243-44 (S.D.N.Y.2006). Plaintiffs' fraud claim fails to satisfy these standards.

- 12 -

Fineman claims that PFP intentionally misled Fineman during the negotiations of the Agreement so that it could use the GOB Sale to further its own cause instead of providing consulting services to Fineman. Complaint ¶¶ 174-181. Stated another way, Fineman alleges nothing more than PFP's intent not to perform when it was negotiating the Agreement. As shown above, New York does not permit a plaintiff to convert an ordinary contract case into a fraud action.

To the extent that Fineman relies on alleged breaches of contract to support its fraud claim, the pleading is particularly deficient because it alleges no facts creating an inference of such fraudulent intent. For example, the Complaint states that PFP promised to purchase additional inventory for the GOB Sale that was appropriate for Fineman's customers and would not occupy "so much space as to prevent the sale of existing Fineman inventory." Complaint ¶ 176. Such allegations, however termed by Fineman, are, at best, breaches of the Agreement. Allegations that PFP ordered inappropriate Additional Inventory is simply a violation of Section 5 of the Agreement, obligating PFP to order Additional Inventory upon Fineman's request. (Esses Aff., Ex . 2) Allegations of PFP's failure to properly allocate floor space at the Store constitutes a claim for an alleged breach of Section 4.10 of the Agreement, Requiring PFP to display Fineman's inventory as showroom space becomes available. *Id.* Plaintiffs' fraud claims encompass PFP's promise to conduct the GOB Sale in a professional manner. Complaint ¶ 176. But this obligation as well is in the Agreement at Section 2.1(a) (stating PFP will provide "a team of experienced furniture personnel"). *Id.*

As the courts have repeatedly held, "where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the

fraud claim is redundant and the plaintiff's sole remedy is for breach of contract." *Sudal v. Computer Outsourcing Servs.,* 868 F. Supp. 59, 62 (S.D.N.Y. 1994).

In sum, Plaintiffs' fraud allegations exclusively focus on PFP's alleged intention not to perform under the Agreement. They do not state a fraud claim pursuant to New York law and should be dismissed.

### E.    Fineman's Equitable Claim Against PFP is Precluded As a Result of the Agreement

Fineman's claim for unjust enrichment fails as a matter of law. Unjust enrichment is an equitable, quasi-contractual claim. Because unjust enrichment is designed to permit recovery for breach of a quasi-contractual obligation when no valid contract exists, quasi contract only applies in the absence of an express agreement. *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.,* 521 N.Y.S. 2d 653, 656 (1987)("[T]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter"). *Unicredito Italiano Spa v. JPMorgan Chase Bank T.P.,* 288 F. Supp. 2d 485, 504 (S.D.N.Y. 2003) (dismissing unjust enrichment claim as duplicative of its cause of action to recover damages for breach of contract).

Fineman has alleged the existence of valid contract between it and PFP. (Complaint ¶ 33.) However, Fineman's unjust enrichment claim seeks payment from PFP because PFP's actions "have caused Plaintiff Fineman Furniture damage and have unjustly enriched [PFP] at Fineman Furniture's expense." Complaint ¶ 205. Although inartfully pled, Fineman alleges that as a result of PFP's failure to comply with the Agreement, PFP has been unjustly enriched. Of course, the allegation dooms the pleading, as it acknowledges the existence of valid and enforceable written contract governing the relevant subject matter, thus precluding recovery in quasi contract.

- 14 -

F.    **The Cause of Action Against All the Other**
      **Defendants For Unjust Enrichment Must Be Dismissed**

For the reasons set forth immediately above, the unjust enrichment claim against the other Defendants cannot be maintained.  Fineman's allegations against Rosenberg, Cohen, Hester, GRA and BH Associates are contained in paragraph 92 of the Complaint.  Specifically, Fineman alleges that "PFP made unauthorized payments" to those other Defendants, a claim sounding in breach of the Agreement.  Complaint ¶ 92.  With regard to Earlywine, Fineman simply alleges that the "Agreement reduced the commission payable to 3% for any auction arranged," but Earlywine received a 12% commission.  Complaint ¶ 140.  With regard to Today's Furniture, Fineman alleges that it was paid for UCC searches and overpaid for advertising.  Complaint ¶¶ 106 and 117.  Because the Agreement covers the expenditures permitted by PFP, *i.e.,* the Sale Expenses (Agreement Section 4.4(b)) the claims for unjust enrichment must fail.

G.    **Fineman's Cause of Action for Conspiracy To Defraud Must be Dismissed**

Given that the fraud claim was not properly pled and should be dismissed, the claim for conspiracy to commit fraud also must be dismissed.  *See, e.g.*, *Vasile v. Dean Witter Reynolds Inc.,* 20 F. Supp. 2d 465, 482 (E.D.N.Y.1998) *aff'd,* 205 F.3d 1327 (2d Cir.2000)("[U]nder New York law, civil conspiracy to commit fraud, standing alone, is not actionable ... if the underlying independent tort has not been adequately pleaded").  Even if the Court does not dismiss the underlying fraud claim - which it should - Fineman's cause of action for conspiracy to defraud must still be dismissed.

i.    **The Individual Defendants**

Fineman's conspiracy claim against Rosenberg, Cohen, Earlywine and Hester (together the "Individual Defendants") must be dismissed because the acts of the officers

- 15 -

of a corporation are the acts of the corporation. *Millburn v. Blackfrica Promotions, Inc.,* 392 F. Supp. 434, 436 (S.D.N.Y 1947)("a corporation cannot conspire with itself any more than a private individual can."); *Sciolino v. Marine Midland Bank-Western,* 463 F. Supp. 128, 134 (N.D.N.Y.1979). Moreover, co-officers of a corporation cannot conspire among themselves. *Merkel Associates, Inc. v. Bellofram Corp.,* 437 F. Supp. 612, 618 (N.D.N.Y. 1979).

The Complaint alleges that all of the individual defendants were acting as officers, executives or managers of corporations. Rosenberg was acting as PFP's Chief Executive Officer, Cohen as PFP's Chief Financial Officer, Hester as PFP's Vice President and Earlywine as PFP's Auction Manager. Complaint ¶¶ 92 and 140. At no point in the 42 page Complaint do Plaintiffs ever allege that the Individual Defendants were acting on their own behalf. As such, the conspiracy claim against the Individual Defendants must be dismissed. *Millburn,* 392 F. Supp. at 436; *Sciolino,* 463 F. Supp. at 134; *Merkel Associates,* 437 F. Supp. at 618.

### ii.    The Complaint Does Not Allege Fraud Against The Individual and Corporate Defendants

The conspiracy claim against the Individual Defendants and GRA, FAA, BH Associates and Today's Furniture (GRA, FAA, BH Associates and Today's Furniture collectively, the "Corporate Defendants") is legally deficient because it does not place the Individual and Corporate Defendants on notice of the conspiracy claims with which they are charged. Specifically, because Fineman does not provide the requisite details of the alleged conspiracy, the claim must be dismissed. *See, e.g.*, *Hunt v. ENZO Biochem, Inc.*, 471 F. Supp. 2d 390, 400 (S.D.N.Y. 2006) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature

- 16 -

of his alleged participation in the fraud") *Id.* (citations omitted). "In other words, a complaint may not simply clump defendants together in vague allegations." *Id.* (citations omitted).

In the Conspiracy claim, Fineman alleges that "Defendants were aware of PFP's fraudulent scheme" and "consciously schemed and conspired with each other." Complaint ¶¶ 209 & 210. Not only do these conclusory allegations improperly and impermissibly lump all of the Defendants together, they also provide no detail whatsoever of what each of the Defendants is accused. Indeed, except for the introduction to the Complaint identifying the parties, the only time GRA is mentioned in the Complaint is in paragraph 92, alleging it received unauthorized payments from the Sale Account, and paragraph 171, alleging GRA is PFP's parent. FAA is only mentioned in paragraph 140, alleging it took additional commissions. Today's Furniture is mentioned in paragraph 106, regarding UCC searches, and paragraph 117, regarding advertising costs. BH Associates is only mentioned in paragraph 92, alleging it received unauthorized payments from the Sale Account. Rosenberg and Cohen are mentioned only in paragraph 92, alleging they received unauthorized payments from the Sale Account. Earlywine is mentioned in paragraph 140, alleging he received an improper 12% commission on the auction, and paragraph 143, alleging he reduced the starting bids at the auction.

Clearly, the Complaint is devoid of any allegations, yet alone specific allegations, that would suffice to meet the requirements under Rule 9(b) to allege a Cause of Action for Conspiracy to Commit Fraud. Therefore, this count must be dismissed as well.

**H.    Plaintiffs' Claim For Aiding and
Abetting Breach of Fiduciary Duty Must Be Dismissed**

Fineman's allegations against the Individual and Corporate Defendants of aiding

and abetting the breach of fiduciary duty must be dismissed if the Court dismisses

Fineman's breach of fiduciary duty count against PFP.  However, even if the Court does

not dismiss the underlying breach of fiduciary claim - which it should - Fineman's cause

of action for aiding and abetting breach of fiduciary duty must still be dismissed.

To state a claim for aiding and abetting a breach of fiduciary duty under New York law,

a plaintiff must plead: "1) a breach of fiduciary obligations to another; 2) that the defendant

knowingly induced or participated in the breach; and 3) that the plaintiff suffered damages as a

result of the breach." *Pope v. Rice*, 2005 WL 613085, *13 (S.D.N.Y. Mar. 14, 2005)(Tab 6).

The complaint must plead actual, not constructive, knowledge of inducing or participating in

the breach of fiduciary duty. *Id.* (citations omitted). The "knowing participation" prong of the

second element means that the defendant must have provided "substantial assistance to the

primary violator." *Id.* (citations omitted).  "Substantial assistance occurs when a defendant

affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the

breach to occur." *Id. See also Kolbeck v. LIT America, Inc.,* 939 F. Supp. 240, 246 (S.D.N.Y.

1996) (Mukasey, J.).

Plaintiffs fail to allege even a single fact to suggest that any of the Individual or

Corporate Defendants knowingly induced or participated in the breach of fiduciary duty (see

Section G (ii) above).  Indeed, Plaintiffs even fail to allege that that the Individual or Corporate

Defendants knew that a breach had occurred.  *In re Bayou Hedge Funds Investment Litigation*,

472 F. Supp. 2d 528, 532-533 (S.D.N.Y. 2007)(dismissing aiding and abetting claim where

plaintiff failed to allege that defendant knew about a breach of fiduciary duty and knowingly

induced or participated in the breach); *Steed Finance LDC v. Laser Advisers, Inc.*, 258 F. Supp. 2d 272, 282 (S.D.N.Y. 2003). Accordingly, this claim must be dismissed.

## I.    Plaintiff Should Not Be Allowed To Serve a Second Amended Complaint

Plaintiffs should not be given another bite at the apple to amend the Complaint. *Gurfein,* 2007 WL 2049771, at *4 (citations omitted)(Second Circuit has upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim). After accepting service of the Original Complaint in this action (Esses, Aff., Ex.3), Defendants, through counsel, wrote a letter to Plaintiffs advising them of deficiencies in the Original Complaint concerning the claims for breach of good faith and fair dealing, fraud, breach of fiduciary duty, unjust enrichment, conspiracy to defraud and aiding and abetting breach of fiduciary duty. Esses Aff., Ex. 4. Although Plaintiffs then served the Amended Complaint, the same deficiencies remain. Thereafter, Defendants again alerted Plaintiffs to the legal deficiencies in the Complaint. Plaintiffs refused to amend the Complaint, thereby forcing Defendants to file this motion. Therefore, based on Plaintiffs' prior opportunities to remedy the legal deficiencies in the pleading, and their inability to remedy such deficiencies, this Court should not grant Plaintiffs another opportunity to amend the Complaint. *Faulkner v. Verizon Communications, Inc.*, 189 F. Supp. 2d 161, 173 (S.D.N.Y. Mar. 22, 2002)(dismissing complaint without leave to replead where plaintiff already had an opportunity to amend); *Debora v. WPP Group PLC*, 1994 WL 177291, *9 (S.D.N.Y., May 05, 1994)(Tab 7)(dismissing complaint where defects in complaint could not be cured).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their joint motion to dismiss the Second, Third, Fourth, Eighth, Ninth and Tenth Causes of Action with prejudice and in their entirety, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
      January 10, 2008

COHEN TAUBER SPIEVACK &
WAGNER P.C.
*Counsel to Defendants*

By:_____
    Sari Kolatch
    Leo L. Esses
420 Lexington Avenue, 24th Floor
New York, New York 10170
(212) 586-5800