TAB 1

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2005 WL 755764 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**Bogdan v. Stolt-Nielsen S.A.
E.D.N.Y.,2005.
Only the Westlaw citation is currently available.
United States District Court,E.D. New York.
Peter BOGDAN and Silvana Bogdan, Plaintiffs,
v.
STOLT-NIELSEN S.A.; Stolt-Nielsen Transportation
Group Ltd,; Stolt-Nielsen, Inc.; Stolt Parcel Tankers,
Inc.; Stolt Pride, Inc.; Stolt Integrity, Inc.; Stolt
Confidence of the Isle of Man; Mitsubishi
International Corp.; Amoco Chemical Company;
Daicel Chemical Industries Ltd.; Celanese, Ltd.; Basf
Aktiengesellschaft; Arco Chemical Co.; B.P.
Chemicals Ltd.; Lubrizol Corp.; Union Carbide
Corp.; Rohm & Haas Co.; Basf Nj; Basf Corp.;
Exxon Mobil Chemical Co.; Chevron Co.; Chevron
USA; Chevron Chemical Corp.; Occidental Chemical
Corp., Celanese Chemicals Ltd.; Hoescht Celanese
Corp.; Pasternak Baum & Co., Inc.; Dow Chemical
International; Dow Corning Corp.; Shell International
Chemical; and ABC Corporations 1-20 Defendants.
**No. 01 CV 1910SJ.**

March 29, 2005.

Robert A. Skoblar, Robert A. Skoblar, Esquire,
Englewood, NJ, for Plaintiffs.
Mark Francis Muller, Freehill, Hogan & Mahar, LLP,
Barry L. Gerstman, Sedgwick, Detert, Moran &
Arnold, Dennis M. Reznick, Scott H. Casher,
Edwards & Angell, LLP, Clifford Thau, Gregory
Zimmer, Vinson & Elkins, LLP, Joseph P. La Sala,
Nancy McDonald, Jennifer Fallacaro Quinn,
McElroy, Deutsch & Mulvaney, LLP, Loring I.
Fenton, Greenberg Traurig, LLP, Daniel Darrow
Feldman, Jonathan E. Minsker, Kasowitz, Benson,
Torres & Friedman LLP, Thomas Michael Mueller,
Mayer, Brown & Platt, New York, NY, John P.
Hannigan, William Patrick Harrington, Bleakley Platt
& Schmidt, LLP, White Plains, NY, Steven Brock,
Rivkin Radler, LLP, Uniondale, NY, Phillip B. Dye,
Jr., Vinson & Elkins, LLP, Houston, TX, for
Defendants.

*MEMORANDUM AND ORDER*

JOHNSON, Senior J.
   **\*1** Peter Bogdan ("Bogdan") and Silvana
Bogdan (collectively, "Plaintiffs") bring this action

for money damages against Stolt-Nielsen S.A., Stolt-
Nielsen Transportation Group Ltd., Stolt-Nielsen,
Inc., Stolt Parcel Tankers, Inc., Stolt Pride, Inc., Stolt
Integrity, Inc., Stolt Confidence of the Isle of Man
(collectively, "shipping Defendants"), Mitsubishi
International Corp., Amoco Chemical Company,
Daicel Chemical Industries Ltd., Celanese, Ltd.,
BASF Aktiengesellschaft, Arco Chemical Company,
B.P. Chemicals Ltd., Lubrizol Corp., Union Carbide
Corp., Rohm & Haas Company, BASF NJ, BASF
Corp., Exxon Mobil Corporation,[FN1] Chevron Co.,
Chevron USA, Chevron Chemical Company, Celanese
Chemicals Ltd., Hoescht Celanese Corp., Pasternak
Baum & Co., Inc., Dow International B.V.,[FN2] Dow
Corning Corp., Shell International Chemical, and
ABC Corporations 1-20 (collectively, "chemical
manufacturers") arising from Bogdan's contraction of
asthma, allegedly caused by his exposure to noxious
fumes aboard Stolt vessels on which various
chemicals were shipped. Currently before this Court
are Motions to Dismiss the First Amended Complaint
by BASF Corp., Pasternak Baum & Co., Inc.,
Lubrizol Corp., Exxon Mobil Corp., and Chevron
USA, Inc. (collectively, "moving Defendants")
pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure ("FRCP"). For the reasons explained
below, Defendants' motions are GRANTED.

> FN1. Plaintiffs' Amended Complaint
> incorrectly identified Exxon Mobil
> Corporation as "Exxon Mobil Chemical
> Company."

> FN2. Plaintiffs erroneously sued Dow
> International, B.V. as "Dow Chemical
> International."

*STANDARD OF REVIEW FOR MOTION TO
DISMISS*

   In considering a motion to dismiss made
pursuant to Fed.R.Civ.P. 12(b)(6), the Court must
accept the factual allegations in the complaint as true
and draw all reasonable inferences in favor of the
plaintiff. *See* Bold Elec., Inc. v. City of New York, 53
F.3d 465, 469 (2d Cir.1995). A court must confine its
consideration "to facts stated on the face of the
complaint, in documents appended to the complaint
or incorporated in the complaint by reference, and to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 755764 (E.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

matters of which judicial notice may be taken."*Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir.1999); Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir.1999)*. Dismissal is appropriate only where it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Id.* The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support her claims. *See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995)*."Nevertheless, the complaint must set forth enough information to suggest that relief would be based on some recognized legal theory."*Fort Wayne Telstat v. Entertainment and Sports Programming Network,* 753 F.Supp. 110, 111 (S.D.N.Y.1999)."A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)."*De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir.1996) (internal citations omitted).

*FACTUAL AND PROCEDURAL BACKGROUND*

*2 Plaintiffs are Croatian nationals who reside in the City of Solin in the Republic of Croatia. (Am. Compl. at 2.) From July 5, 1987 to March 30, 1998, Bogdan was employed by Stolt Parcel Tankers as an engineer aboard three Stolt vessels, on which hazardous chemicals were shipped throughout the world.(*Id.* at ¶¶ 2, 3, 9.)"As a result of his exposure to the noxious fumes which prevailed aboard the Stolt [vessels] generated by the various chemicals being shipped," [ ] Bogdan contracted "a serious case of asthma causing him to be hypersensitive to fumes and preventing him from ever again working aboard and seriously diminishing his earning capacity."(*Id.* at ¶ 5.)

On March 29, 2001, Plaintiffs filed a Complaint against the shipping Defendants, named chemical manufacturers, Does 1-10, and ABC Corporations 1-20. The Complaint identified chemicals, manufactured, supplied, and/or shipped by Mitsubishi Chemical Corporation, Mitsubishi Rayon Co., Ltd., Dow Europe S.A., E & E Ltd.,[FN3] Shell Nederland Chemie B.V., Amoco Chemical Company, Shell Chemical U.K. Ltd., Daicel Chemical Industries Ltd., Celanese, Ltd., BASF Aktiengesellschaft, Arco Chemical Company, and B.P. Chemicals Ltd. as the various causes of Bogdan's asthma.[FN4]The Complaint did not provide a statement regarding "Does 1-10" or "ABC Corporations 1-20." None of the moving

defendants ever were served with the original Complaint.

FN3. The Complaint incorrectly identified E & E Ltd. as "Ellis & Everard."

FN4. Those chemicals are: butyl acrylate, acrylic acid, 2-ethylhexl acrylate, n-butyl methacrylate, monoethanolamine, crude mdi-us polymeric, mek, methyl isobutyl ketone, meta-xylene, methyl ethyl ketone, acetic anhydride, n-butyl acrylate, aniline, allyl alcohol, and ethanoic acid. (*See* Compl. ¶¶ 14-25.)

On February 25, 2003, Plaintiffs filed an Amended Complaint, adding as new parties Lubrizol Corp., BASF Corp., Exxon Mobil Corporation, Chevron USA and Pasternak Baum. The Amended Complaint asserted that *"various chemicals* known to be toxic to the respiratory system of humans" manufactured, supplied, and/or shipped by the newly-added entities, as well as the originally-named defendants, caused Bogdan's asthma.[FN5](Am. Compl. ¶¶ 22, 26-28, 33 (emphasis added).) Unlike the original Complaint, the Amended Complaint did not specify or otherwise identify the subject chemicals. The Amended Complaint identified "ABC Corporations 1-20" as "various chemical manufacturer[s], supplier[s] and/or shipper[s] who transported hazardous chemicals aboard Stolt vessels at the dates and times which [Bogdan] served and the vapors from which chemicals either independently or in conjunction with vapors from other chemicals caused [Bogdan's] asthma."(*Id.* at ¶ 37.)In the case of the chemical manufacturers, the Amended Complaint alleged six causes of action: negligence, strict liability, enterprise liability, false representation, punitive damages, and *per quod.*[FN6]

FN5. The Amended Complaint does not name in the caption "Does 1-10."

FN6. The *per quod* cause of action was asserted against all of the defendants.

At a hearing on February 18, 2005, this Court dismissed BP Chemicals Ltd., BASF AG, Daicel Chemical Industries, Dow Europe GmbH, Dow International B.V., and E & E Ltd. on the record for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. At that hearing,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 755764 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

Celanese Ltd. was also dismissed for insufficiency of process under Rule 12(b)(5) of the FRCP.

**\*3** Presently before the Court are consolidated motions by BASF Corp., Pasternak Baum & Co., Inc., Lubrizol Corp., Exxon Mobil Corp., and Chevron USA, Inc. to dismiss the Amended Complaint under Rule 12(b)(6) of the FRCP on the ground that Plaintiffs' claims are time-barred under New York C.P.L.R. § 214 because the Amended Complaint does not relate back to the original Complaint.[FN7]

> FN7. Chevron USA, Inc. and Exxon Mobil Corp. join in the motions to dismiss filed by BASF Corp. and Pasternak Baum & Co. Lubrizol Corp. joins in Part II of BASF Corp.'s motion arguing that the Amended Complaint does not relate back to the date of the original Complaint and thus, is time-barred by New York's three year statute of limitations. Pasternak Baum & Co., Inc. argues alternatively that Plaintiffs' claims are too vague to meet the notice pleading standard under the FRCP. However, the Court's ruling on timeliness renders it unnecessary to reach this issue.

Notwithstanding Local Rule 7.1 which states, in part, "[e]xcept as otherwise permitted by the Court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion," (Local Rule 7.1) Plaintiffs, without this Court's permission, filed "affirmations in opposition" to Defendants' motions instead of the requisite memoranda of law.[FN8] The affirmations, virtually devoid of any case law, appear to argue primarily that (1) Plaintiffs "could not have known [the moving defendants'] name[s] [/identities] any sooner than [they] did," (2) the moving defendants are not prejudiced by the Amended Complaint because they "had constructive notice of the pending litigation given the allegations against the shipper Stolt and the other named entities involved in the original pleadings" and "will still have all of the defenses available that [they] would otherwise have had if [they] were named directly in the original complaint," and (3) the moving defendants "should not be permitted to escape through the back door of statute of limitations if [they] knew or should have known [they] would be required to defend in this matter."(See,e.g., Pls.' Opp'n Lubrizol Corp. ¶¶ 10,

11.)[FN9]

> FN8. Local Rule 7.1 further states, "[w]illful failure to comply with this rule *may* be deemed sufficient cause for the denial of a motion or for the granting of a motion by default."(emphasis added). While BASF Corp. urges this Court to grant their 12(b)(6) motions due to Plaintiffs' non-compliance with Local Rule 7.1 (BASF Corp.'s Reply to Pls.' Opp'n at 3), the Court declines to exercise such discretion.

> FN9. Plaintiffs' affirmations in opposition to the moving defendants 12(b)(6) motions were virtually identical.

*DISCUSSION*

I. Timeliness of Amended Complaint

Under New York law, claims of personal injury torts are governed by a three-year statute of limitations period. N.Y.C.P.L.R. § 214. On March 30, 1998, Bogdan was declared unfit for duty due to his asthmatic condition. Therefore, any claims of personal injury claims had to be filed no later than March 30, 2001. The original Complaint was filed on March 29, 2001, within the applicable limitations period. The Amended Complaint, which for the first time alleges claims against the moving defendants, was filed on February 25, 2003. Defendants argue that the claims against them in Plaintiffs' Amended Complaint are time-barred by New York's statute of limitations. Plaintiffs contend that the Amended Complaint is timely because it relates back to the date of the original Complaint. Under Rule 15(c):

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied *and,* within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 755764 (E.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

institution of the action that the party will not be prejudiced in maintaining a defense on the merits, *and* (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*4Fed. R. Civ. Pro. 15(c) (emphasis added).

While Plaintiffs have failed to identify the provision of Rule 15(c) under which the relation back doctrine arguably applies, it is clear that they assert timeliness of the Amended Complaint under the Rule's third provision. (*Compare* Pls.' Opp'n ¶ 9 FN10 ("The defendant [ ] was not named in the original pleading chiefly because plaintiffs did not know the names of all the entities that shipped the alleged toxic cargo aboard the defendant Stolt's vessels. At the time unknown parties were named as ABC Corporations 1-20 whose true identities would be revealed during discovery.... The proposed amendment to plaintiff's pleadings simply puts a name on one of the many companies making [ ] shipments [of dangerous chemicals aboard Stolt vessels.]")), *with*Fed. R. Civ. Pro. 15(c)(3) ("the amendment changes the party or the naming of the party against whom a claim is asserted").) *SeealsoSoto v. Brooklyn Correctional Facility,* 80 F.3d 34 (2d Cir.1996) (*applying*Rule 15(c)(3) where *pro se* plaintiff's failure to name individual defendants within the limitations period was a mistake concerning the identity of the proper party.)

FN10. Paragraph 9 in each of Plaintiffs' opposition papers is identical, except for the name of the moving defendant.

A. Relation Back under Rule 15(c)(3)

"[T]he focus of the Rule 15(c)(3) analysis is on the defendant's 'notice' of the new claims,"*Allen v. National R.R. Passenger Corp.,* 2004 WL 2830629, *6 (E.D.Pa.2004), and a plaintiff adding/joining a new party under Rule 15(c)(3) must satisfy each of the three elements set forth above in order for an amended pleading to relate back to the date of the original pleading. *See*Fed. R. Civ. Pro. 15(c)(3). Plaintiffs have failed to meet all of the requisite criteria and therefore the Amended Complaint must be dismissed as untimely under New York's three-year statute of limitations for personal injury claims.

Most glaring to the Court is Plaintiffs' non-

compliance with Rule 4(m) of the FRCP, which requires service of the summons and complaint within 120 days of its filing. Fed. R. Civ. Pro. 4(m). In this case, the moving defendants were *never* served with the original Complaint (*see* Defs.' Mot. Dismiss) and nowhere in their opposition do Plaintiffs suggest that they were. Rather, Plaintiffs appear to argue that each of the moving defendants "had constructive notice of the pending litigation given the allegations against the shipper Stolt and the other named entities involved in the original pleadings."(*See* Pls.' Opp'n at ¶ 10.) However, the text of Rule 4(m) contains no exception based on "constructive notice." Indeed, the only exception set forth in the rule is where a court extends the time for service upon a plaintiff's showing of "good cause for the failure." *See*Fed. R. Civ. Pro. 4(m).

Plaintiffs have not sought to utilize such exception. Moreover, even if such an exception were to exist it would nevertheless be inapplicable here because Plaintiffs have failed entirely to allege any facts in support of their claim that the moving defendants had constructive notice of Plaintiffs' claims in the original Complaint. Accordingly, under these circumstances the Court now finds that the Amended Complaint, filed almost five years after Bogdan's last possible exposure to the noxious fumes aboard the Stolt vessels, results in prejudice to the moving defendants and declines to allow for its relation back to the original Complaint in order to overcome the statute of limitations which expired nearly two years prior to the filing of the Amended Complaint.FN11 *See,e.g.,Nelson v. County of Allegheny,* 60 F.3d 1010, 1014-15 (3d Cir.1995) (defining prejudice as that "suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale") (internal quotations omitted); *Allen,* 2004 WL 2830629, *8 ("[T]he type of prejudice that Rule 15(c)(3) refers to ... is those strategic hardships imposed by the unreasonable passage of time upon a defendant's ability to present an effective defense."); *Soto,* 80 F.3d at 37 (*remanding* case for determination of whether officers whom plaintiff sought to add in amended complaint "received such notice of Soto's suit against BCF as will avoid prejudice to the officers in maintaining a defense") (emphasis added).*SeealsoBarrow v. Wethersfield Police Dept.,* 66 F.3d 466, 470 (2d Cir.1995), *modified,*74 F.3d 1366 (2d Cir.1996) (*holding* that amended complaint substituting individual officers for "John Doe"

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09749-JSR

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 755764 (E.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

defendants did not relate back to original complaint under Rule 15(c)(3) because plaintiff's initial failure to name officers was due to lack of knowledge of their identity rather than a mistake regarding identity).

> FN11. Even assuming *arguendo* Plaintiffs' compliance with Rule 4(m), the Court would still dismiss the Amended Complaint against the moving defendants because of Plaintiffs' failure to establish that the moving defendants are not prejudiced by the amendment in that they: (1) received any notice, actual or constructive, of Plaintiffs' claims before service of the Amended Complaint; and (2) knew or should have known that they would have been sued originally but for Plaintiffs' mistake concerning the identity of the proper party. *See,e.g.,Allen,* 2004 WL 2830629, *8 ("the prejudice element of the Rule 15( )(3)(A) analysis is dependent upon, rather than independent of, the notice requirement").

*CONCLUSION*

   **5** As the Amended Complaint, adding for the first time Exxon Mobil Corp., Chevron USA, BASF Corp., and Pasternak Baum & Co., Inc., does not relate back to the original complaint naming "ABC Corporations 1-20," the claims brought against those defendants are untimely. The Clerk of Court is directed to enter a final judgment of dismissal with prejudice against refiling.

   SO ORDERED.

E.D.N.Y.,2005.
Bogdan v. Stolt-Nielsen S.A.
Not Reported in F.Supp.2d, 2005 WL 755764 (E.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.