**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FINEMAN FURNITURE CO. INC. and SEYMOUR FINEMAN, individually, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED FURNITURE PROMOTIONS, INC., GENE ROSENBERG AND ASSOCIATES, LLC, EUGENE ROSENBERG, LESTER ROY HESTER, PAUL COHEN, KURT EARLYWINE, FURNITURE AUCTIONS OF AMERICA, TODAY'S FURNITURE, and BH ASSOCIATES, INC., <br><br> Defendants. | Civil Action No. 07 Civ. 9749 (JSR) |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Douglas F. Broder (DB 8406)
Catherine R. Keenan (CK 5925)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901
douglas.broder@klgates.com
catherine.keenan@klgates.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................1

STATEMENT OF FACTS ......................................................................2

ARGUMENT ..........................................................................................5

    A.    The Implied Covenant Claim Against PFP Properly
           Pleads Breaches Apart From Those Pled in the
           Contract Claim ..................................................................6

          1.    The Implied Covenant Claim is Not Duplicative .......................7

          2.    The Conduct Alleged Gives Rise to a Violation of
               PFP's Implied Duty.......................................................8

          3.    The Damages Sought are Not Duplicative of
               Contract Damages.........................................................9

    B.    Fineman Furniture Properly Pled the Existence and
           Breach of a Fiduciary Duty................................................10

    C.    Fineman Furniture Properly Pled that PFP Engaged in
           Common Law Fraud .......................................................13

          1.    Fineman Furniture Has Provided Allegations to
               Support a Claim of Common Law Fraud....................................13

               a.    Collateral Misrepresentations ......................................13

               b.    Extra-Contractual Legal Duty.......................................14

               c.    Special Damages..................................................15

          2.    Fineman Furniture Has Alleged a Valid Fraud Claim
               Based on PFP's Failure to Make Material Disclosures .............15

          3.    Fineman Furniture Has Pled Fraud with the
               Requisite Particularity...................................................16

    D.    Fineman Furniture Has Properly Pled in the Alternative
           that PFP and the Other Defendants Unjustly Enriched
           Themselves at Fineman Furniture's Expense in Ways Not
           Covered by the Contract Claim............................................17

1.    Fineman Furniture is Entitled to Maintain Claims for Quasi-Contract and Breach of Contract in the Alternative.................................................................................17

2.    Fineman Furniture's Unjust Enrichment Claim Against PFP is Valid Because It Involves Matters Not Covered by the Agreement .................................................17

3.    Fineman Furniture's Unjust Enrichment Claim Against the Non-PFP Defendants is Not Redundant Because There is No Agreement Between Them ......................................19

E.    Fineman Furniture's Conspiracy Claim is Well-Pled............................................20

    1.    The Conspiracy Claim against the Individual Defendants is Proper ...............................................................20

    2.    The Conspiracy Claim is Sufficiently Alleged .........................................22

F.    Fineman Furniture Adequately Pled a Claim Against the Non-PFP Defendants for Aiding and Abetting a Breach of a Fiduciary Duty...................................................................23

G.    Leave to Amend Should be Granted ....................................................24

CONCLUSION...................................................................................................25

# TABLE OF AUTHORITIES

## CASES

Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n., 731 F.2d 112
(2d Cir. 1984).........................................................................................15

Abercrombie v. Andrew Coll., 438 F.Supp.2d 243 (S.D.N.Y. 2006)................................11

Barkley v. Olympia Mortgage Co., 2007 U.S. Dist. LEXIS 61940 (E.D.N.Y. Aug.
22, 2007).............................................................................................20

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)...............................6

Boley v. Pineloch Assocs., Ltd., 700 F.Supp. 673 (S.D.N.Y. 1988)................................11

Brass v. American Film Techs., Inc., 987 F.2d 142 (2d Cir. 1993)..................................15

Bridgestone/ Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13 (2d Cir.
1996)..................................................................................................13

Canstar v. J.A. Jones Construction Co., 212 A.D.2d 452, 622 N.Y.S.2d 730 (1st
Dep't 1995)............................................................................................9

Casalino Interior Demolition Corp. v. Custom Design Data, Inc., 235 A.D.2d 514,
653 N.Y.S.2d 35 (2nd Dep't 1997).........................................................9, 10

Chase Manhattan Bank, N.A. v. Keystone Distribs., Inc., 873 F.Supp. 808
(S.D.N.Y. 1994)..................................................................................6, 7, 8

Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co., 70 N.Y.2d 382, 521
N.Y.S.2d 653 (Ct. App. 1987)...............................................................19

Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc., 187 F.3d 229 (2d Cir.
1999)..................................................................................................20

Contractual Obligation Prod., LLC v. AMC Networks, Inc., No. 04 Civ. 2867
(BSJ)(HBP), 2006 U.S. Dist. LEXIS 16402 (S.D.N.Y. Mar. 31, 2006).....................17

Echostar DBS Corp. v. Gemstar-TV Guide International, Inc., No. 05 Civ. 8510,
2007 U.S. Dist. LEXIS 11346 (S.D.N.Y. Feb. 8, 2007)................................6

Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962).......................................24

Gross v. Empire Healthchoice Assurance, Inc., 2007 NY Slip Op. 51390U, 2007
N.Y.Misc. LEXIS 4962 (NY County, July 18, 2007)..............................7, 8

Hayden v. County of Nassau, 180 F.3d 42 (2d Cir. 1999) .................................................24

Joseph Sternberg, Inc. v. Walber 36th Street Assoc., 187 A.D.2d 225, 594
    N.Y.S.2d 144 (1st Dep't 1993).................................................................................18

Kravetz v. Brukenfeld, 591 F.Supp. 1383 (S.D.N.Y. 1984)............................................23

Maalouf v. Salomon Smith Barney, Inc., 2003 U.S.Dist. LEXIS 5913, 2003 WL
    1858153 (S.D.N.Y. Apr. 10, 2003).....................................................................17, 24

Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc., 838 N.Y.S.2d 536, 2007
    N.Y. App.Div. LEXIS 7646 (1st Dep't June 21, 2007)...............................................7

Manhattan Motorcars, Inc. v. Automobili Lamborhini, S.p.A., 244 F.R.D. 204,
    2007 U.S. Dist. LEXIS 49641 (S.D.N.Y. July 9, 2007) ..........................................6, 8

Merkel Assocs., Inc. v. Bellofram Corp., 437 F.Supp. 612 (W.D.N.Y. 1997).................21

Milburn v. Blackfrica Promotions, Inc., 392 F.Supp. 434 (S.D.N.Y. 1974) ....................21

Ofori-Tenkorang v. Am. Int'l Group, Inc., 460 F.3d 296 (2d Cir. 2006) ...........................5

Orange County Choppers, Inc. v. Olaes Enters., Inc., 497 F.Supp.2d 541
    (S.D.N.Y. 2007)....................................................................................................6, 18

Rabin v. Mony Life Ins. Co., 2007 U.S.Dist. LEXIS 18437 (S.D.N.Y. Mar. 9,
    2007) ..........................................................................................................................18

Ross v. FSG PrivatAir Inc., 03 Civ. 7292  2004 U.S.Dist. LEXIS 16157
    (S.D.N.Y. Aug. 17, 2004),  .......................................................................................10

Reuben H. Donnelley Corp. v. Mark I Marketing Corp., 893 F.Supp. 285
    (S.D.N.Y. 1995) .........................................................................................................10

Seiden Assocs., Inc. v. ANC Holdings, Inc., 754 F.Supp. 37 (S.D.N.Y. 1991)..........17, 19

Siradas v. Chase Lincoln First Bank, N.A., No. 98 Civ. 4028, 1999 WL 787658
    (S.D.N.Y. Sept. 30, 1999).............................................................................................7

Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., No. 97 Civ. 5499
    (LAP), 2004 WL 691680 (S.D.N.Y. Mar. 31, 2004).................................................11

Teachers Ins. and Annuity Assoc. of Am., No. 06 Civ. 0392 (LAK) (KNF), 2007
    U.S. Dist. LEXIS 28279 (S.D.N.Y. Mar. 20, 2007) ..................................................19

<u>Tierney v. Omnicom Group, Inc.</u>, No. 06 Civ. 14302 (LTS)(THK), 2007 U.S. Dist. LEXIS 93349 (S.D.N.Y. Dec. 20, 2007)............................................................19

<u>TVT Records v. The Island Defense Jam Music Group</u>, 244 F.Supp.2d 263 (S.D.N.Y. 2003)................................................................................................9, 10

<u>Unicredito Italian Spa v. JPMorgan Chase Bank</u>, 288 F.Supp.2d 485 (S.D.N.Y. 2003) ...................................................................................................................19

## STATUTES

Fed.R.Civ.P. 8 ...................................................................................5, 11, 17, 23

Fed.R.Civ.P. 9 ...................................................................................................16

Fed.R.Civ.P. 15...................................................................................................24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FINEMAN    FURNITURE    CO.    INC.    and
SEYMOUR FINEMAN, individually,

                        Plaintiffs,

                v.

PLANNED FURNITURE PROMOTIONS, INC.,
GENE ROSENBERG AND ASSOCIATES, LLC,
EUGENE ROSENBERG, LESTER ROY HESTER,
PAUL    COHEN,    KURT    EARLYWINE,
FURNITURE    AUCTIONS    OF    AMERICA,
TODAY'S FURNITURE, and BH ASSOCIATES,
INC.,

                      Defendants.

Civil Action No. 07 Civ. 9749 (JSR)

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Fineman Furniture Co. Inc. and Seymour Fineman (collectively "Fineman") respectfully submit this memorandum in opposition to Defendants' motion to dismiss the Second, Third, Fourth, Eighth, Ninth and Tenth Causes of Action of Plaintiffs' Amended Complaint.

## PRELIMINARY STATEMENT

Defendants' partial motion to dismiss is simply another example of their continued misconduct toward Fineman. The motion is part of a pattern of activity they have repeated time and again throughout the country resulting in multiple fines, lawsuits, and settlements. First, the defendants committed illegal and tortious acts and took advantage of their superior size and expertise to wrongly appropriate for themselves the proceeds of Fineman's going out of business sale. Now, when Fineman fights back, they engage in excessive and oppressive litigation tactics aimed at spending Fineman into submission. Even if Defendants' motion somehow succeeds,

this partial motion will not make this case go away.  Nor will it meaningfully narrow the scope of discovery, given that defendants' principal argument is that certain of Fineman's claims are duplicative.

Defendants' motion is meritless as well as futile.  As demonstrated below, Fineman Furniture's claims for breach of the covenant of good faith and fair dealing and fraud – which include allegations that defendant Planned Furniture Promotions ("PFP") falsely promised it would comply with the going out of business laws of New York State and New York City, that it would maintain Fineman's reputation and goodwill, that it would purchase additional inventory for the theme sale that was appropriate for Fineman Furniture customers, that such additional inventory would not occupy so much space as to prevent the sale of existing Fineman Furniture inventory, and that it would conduct the Sale in a professional manner -- are not redundant and are clearly not covered by the underlying agreement between Fineman Furniture and PFP.

Moreover, Fineman Furniture has more than adequately pled its claims for breach of fiduciary duty, unjust enrichment, conspiracy, and aiding and abetting breach of fiduciary duty. Finally, Fineman has produced additional allegations here that would correct any of the purported shortcomings alleged by defendants if the Court believes amendment is necessary. Defendants' motion should be denied.

## STATEMENT OF FACTS

Founded in 1937, Fineman Furniture is a family-owned retail furniture store located in Harlem.  (Am. Compl. ¶ 1).  Plaintiff, Seymour Fineman, owned and operated the store for nearly fifty years.  (Id. at ¶ 18).  During the store's operation, Fineman Furniture developed an outstanding reputation and goodwill in the community, a reputation valued and honored by Plaintiffs.  (Id.).

In 2005, Mr. Fineman decided to close the store and entered into discussions with several furniture liquidation companies, including PFP. (Id. at ¶¶ 19-20). Of utmost concern to Mr. Fineman was maintaining Fineman Furniture's reputation during the going-out-of business sale ("GOB Sale"). (Am. Compl. ¶ 21). PFP repeatedly stressed to Mr. Fineman that it was the most experienced furniture liquidator, with vast resources, expertise and specific experience running GOB Sales in New York and that PFP would maximize Fineman Furniture's returns from the Sale. (Id. at ¶¶ 21-31).

PFP also made a number of false representations, for instance, that in conducting the GOB Sale it would comply with the relevant State and City laws, it would maintain Fineman Furniture's reputation and goodwill, that it would purchase additional inventory for the theme sale that was appropriate for Fineman Furniture customers, that such additional inventory would not occupy so much space as to prevent the sale of existing Fineman inventory, and that it would conduct the Sale in a professional manner. (Id. at ¶¶ 2-3, 21-31, 176). Plaintiffs relied on those representations. (Id. at ¶ 31).

PFP's lawyers, the same lawyers representing Defendants in this action, drew up an agreement between PFP and Fineman Furniture called the Sale Promotion Consulting Agreement (the "Agreement"), which was entered into between Fineman Furniture and PFP on March 27, 2006. (Am. Compl., Ex. 4). Under the Agreement, PFP was to act as Fineman Furniture's exclusive consultant to operate the GOB Sale and a post-sale auction. (Id.).

The Agreement provided, in part, that PFP would take a complete inventory of Fineman Furniture's inventory, would value those goods and pay Fineman Furniture a certain percentage of the sales of the inventory. (Id.). In addition, the Agreement provided that PFP would establish and control a bank account (the "Sale Account") in which all proceeds of the Sale

would be deposited (<u>Id.</u> at § 4.3) and that PFP would have the right to make all final decisions regarding the operation of the Sale and auction. (Am. Compl., Ex. 4 at § 11).

The Agreement does not address, among other things: (1) PFP's duty to uphold the going-out-of business laws of New York State and New York City; (2) PFP's sale of its own merchandise at the GOB Sale; (3) PFP's manipulation of the Sale to deprive Fineman Furniture of the benefits of the contract and to keep profits of the Sale for itself; (4) PFP's unfair competition during the GOB Sale; (5) PFP's promise to maintain Fineman Furniture's reputation and goodwill; or (6) PFP's promise to conduct the GOB Sale in a professional manner. (Am. Compl., Ex. 4).

The GOB Sale commenced on or about May 8, 2006. (Am. Compl. ¶ 36). From the outset, PFP and its officers, employees, consultants, and affiliates (including all of the other defendants) conducted the GOB Sale and auction to maximize their own profits and to deprive Plaintiffs of the benefits of the GOB Sale and auction. (<u>Id.</u> at ¶ 3). PFP put into play a well-rehearsed scheme to defraud Plaintiffs of their money and merchandise. (<u>Id.</u> at ¶ 2). Defendants had used this scheme many times before, resulting in their being fined twice in Massachusetts and in California, and privately sued in at least two other instances. (<u>Id.</u> at ¶ 2, 32; <u>see also</u>, Affidavit of Catherine R. Keenan ("Keenan Aff."), Exs. 1-2). The other named defendants (the "Non-PFP Defendants") knowingly participated in this scheme (as they had in the earlier schemes). Each of them profited directly from it – improperly receiving checks drawn on the Sale Account. (Am. Compl. ¶ 3).

During the GOB Sale, PFP stole Fineman Furniture inventory, failed to pay Fineman Furniture the full amount owed on sales, unfairly competed with Fineman Furniture by selling PFP's own merchandise at the GOB Sale, made unauthorized payments from the Sale Account,

including payments to each of the Non-PFP Defendants, violated numerous New York State and New York City laws and regulations, and took other actions to further deprive Fineman of the benefits of the GOB Sale. (Id. at ¶¶ 3, 37-154).

On November 2, 2007, Fineman filed a complaint alleging, *inter alia*, claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, conversion, accounting, unjust enrichment and unfair competition against PFP, and claims for unjust enrichment, conspiracy to defraud, and aiding and abetting breach of fiduciary duty against the Non-PFP Defendants.

In a letter dated November 9, 2007, defendants' counsel expressed concern about the legal adequacy of the claims for breach of the covenant of good faith and fair dealing, fraud in the inducement, common law fraud, conspiracy, breach of fiduciary duty, and unjust enrichment, arguing that they were redundant of the breach of contract claim. (Affidavit of Leo Esses, Ex. 4).

In response, on November 20, 2007, Fineman filed an Amended Complaint that included additional allegations designed to address those concerns. Nevertheless, on December 20, 2007, Defendants notified this Court of its intent to file a motion to dismiss several of the causes of action and, on January 10, 2008, served this motion to dismiss. Their arguments go far beyond the redundancy concerns originally expressed in counsel's letter.

## ARGUMENT

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Thus, when deciding a motion to dismiss, the Court must "accept all factual allegations as true and draw all reasonable inferences in plaintiff's favor." Ofori-Tenkorang v. Am. Int'l Group, Inc., 460 F.3d 296, 298 (2d Cir. 2006). A plaintiff

must only allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl.
Corp. v. Twombly, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007).

**A.    The Implied Covenant Claim Against PFP Properly Pleads Breaches
Apart From Those Pled in the Breach of Contract Claim**

PFP first attacks the claim for breach of the implied covenant of good faith and fair
dealing with the self-contradictory arguments:  (1) that the claim is duplicative of the breach of
contract claim (Defs. Memo at 8); (2) that the claim seeks to recover for obligations that are not
part of the Agreement (Id.); and (3) that the claim is duplicative because it purportedly seeks to
recover identical damages to those sought in the breach of contract claims.  (Id. at 9).  All three
arguments are wrong.

The purpose of the implied covenant in every contract is to preclude a contracting party
from engaging in conduct that will deprive the other party of the benefits of their agreement.
Chase Manhattan Bank, N.A. v. Keystone Distribs., Inc., 873 F. Supp. 808, 815 (S.D.N.Y. 1994).
The covenant is violated "when a party to a contract acts in a manner that, although not expressly
forbidden by any contractual provision, would deprive the other of the right to receive benefits
under the agreement." Orange County Choppers, Inc. v. Olaes Enters., Inc., 497 F. Supp. 2d
541, 560 (S.D.N.Y. 2007), quoting Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc., No. 05
Civ. 8510, 2007 U.S. Dist. LEXIS 11346 (S.D.N.Y. Feb. 8, 2007).

"While the implied covenant of good faith and fair dealing does not imply obligations
inconsistent with other terms of the contractual relationship, it does encompass any promises
which a reasonable person in the position of the promisee would be justified in understanding
were included." Manhattan Motorcars, Inc. v. Automobili Lamborhini, S.p.A., 244 F.R.D. 204,
214, 2007 U.S. Dist. LEXIS 49641, at *15 (S.D.N.Y. July 9, 2007).  "A party may be in breach
of its implied duty of good faith and fair dealing even if it is not in breach of its express

contractual obligations." <u>Chase Manhattan Bank</u>, 873 F. Supp. at 815. A breach of the implied covenant claim may be maintained if it is based on allegations different than those underlying the accompanying breach of contract claim. <u>Siradas v. Chase Lincoln First Bank, N.A.</u>, No. 98 Civ. 4028, 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999). Finally, whether or not a plaintiff has a viable breach of contract claim, it may sue for breach of the implied covenant by "alleg[ing] that a defendant has exercised its rights under its contract in bad faith in order to realize gains that the contract implicitly denied or to deprive the other party of the fruit of its bargain…." <u>Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.</u>, 838 N.Y.S.2d 536, 2007 N.Y. App. Div. LEXIS 7646, at *3 (1st Dep't June 21, 2007); <u>Gross v. Empire Healthchoice Assurance, Inc.</u>, 2007 NY Slip Op. 51390U, at *5, 2007 N.Y. Misc. LEXIS 4962, at *13 (NY County, July 18, 2007).

### 1.    The Implied Covenant Claim is Not Duplicative

Here, the conduct alleged to breach the covenant is not covered by any of the express terms of the Agreement. Fineman Furniture has alleged that PFP breached its duty of good faith and fair dealing by "(a) violating its legal duty to uphold the going-out-of business laws of New York State and New York City; (b) manipulating the Sale to deprive Fineman Furniture of the benefits of the contract and to keep profits of the Sale for itself; (c) selling its own merchandise at the GOB Sale; and (d) unfairly engaging in a competitive business during the Sale." (Am. Compl. ¶ 165). The Agreement does not cover any of these items, and PFP has not suggested that it does. (Defs. Memo at 7-8).

Furthermore, Fineman Furniture has alleged that PFP acted in bad faith as part of a scheme to deny Fineman Furniture of the fruits of the bargain, *e.g.*, by selling its own merchandise from the Fineman showroom during the GOB Sale, stealing from Fineman

Furniture and unfairly competing against it. (Am. Compl. ¶ 32). Accordingly, Fineman Furniture may now bring its claim notwithstanding the breach of contract claim it asserts against PFP.

PFP cites several decisions where New York courts found breach of the covenant claims to be redundant. (Defs. Memo at 7-9). But all those decisions do is recite the general principal. None involved allegations of extra-contractual conduct like those here.

Defendants also misleadingly argue that New York courts never permit a plaintiff to plead both contractual and quasi-contractual claims. (Defs. Memo at 7, quoting Alter v. Bogoricin, No. 97 Civ. 0662 (MBM), 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997)). This contention is flatly contradicted by the cases cited herein that do allow both. Indeed, in a 2007 decision, one New York court criticized similar statements as a "short-sighted view of the New York law on this subject." Gross, 2007 NY Slip Op 51390U, at * 5, 2007 N.Y. Misc. LEXIS 4962, at *13-14.

### 2.    The Conduct Alleged Gives Rise to a Violation of PFP's Implied Duty

PFP next argues that the implied covenant claim must be dismissed because it seeks to recover for obligations that are not part of the Agreement. Not only does this argument directly contradict PFP's first and last arguments, but it is also wrong.

Fineman Furniture has asserted facts that would give rise to a violation of PFP's implied duty without regard to whether it breached the Agreement. For example, if Fineman Furniture proves that PFP manipulated the GOB Sale and unfairly competed against it, this Court could conclude that PFP breached its duty to act in good faith even though those acts did not technically breach the agreement. See, e.g., Chase Manhattan Bank, 873 F. Supp. at 816 (denying motion to dismiss the implied covenant claim); Manhattan Motorcars, 244 F.R.D. at

218 (fact that dealer agreement was silent on issue of a duty to disclose the appointment of new

dealers did not negate plaintiff's implied covenant claim, since the implied covenant could be

interpreted to incorporate the duty without contradicting the express terms of the agreement).

### 3.    The Damages Sought are Not Duplicative of Contract Damages

PFP's last argument, that the breach of implied covenant claim is redundant because it

seeks to recover damages that are intrinsically tied to the contract damages sought, also has no

basis in fact or in law.  PFP's sole support for concluding that the damages sought are duplicative

is the allegation in the Amended Complaint that Fineman Furniture "has been damaged in an

amount to be determined at trial, but believed to exceed $1,350,000". (Am. Compl. ¶¶ 160, 167).

But these allegations do not specify an exact amount of damages for either claim.  Instead, they

state that damages will be determined at trial.  (Id. at ¶¶ 160, 167).  Second, as demonstrated

above, the conduct alleged as the predicate for the breach of implied covenant claim is separate

and distinct from the conduct underlying the breach of the express provisions of the Agreement.

(See Section A(1), above).  Because the allegations differ from those underlying the breach of

contract claim, the damages will also obviously differ.

Each of the decisions cited by PFP are either meaningless or inapposite.  (Defs. Memo at

9, citing Canstar v. J.A. Jones Constr. Co., 212 A.D.2d 452, 622 N.Y.S.2d 730 (1st Dep't 1995);

Casalino Interior Demolition Corp. v. Custom Design Data, Inc., 235 A.D.2d 514, 515, 653

N.Y.S.2d 35 (2nd Dep't 1997); TVT Records v. The Island Def Jam Music Group, 244 F. Supp.

2d 263, 278 (S.D.N.Y. 2003)).

The Canstar decision contains no factual background or any other explanation for its

general statement regarding the redundancy of damages.  So it is impossible to determine the

basis for that statement.  Similarly, the Casalino decision merely states, without any discussion

of the facts or further explanation, that the implied covenant claim is an element of the damages for the breach of contract claim alleged by plaintiff.  Casalino, 235 A.D.2d at 515.  Finally, in TVT Records, the alleged harm to reputation and business standing was determined to be a byproduct of the breach of contract and not, as alleged here, a by-product of separate breaches not covered by the Agreement.  TVT Records, 244 F. Supp. 2d at 278 (dismissing claim for breach of covenant on summary judgment).

### B.    Fineman Furniture Properly Pled the Existence and Breach of a Fiduciary Duty

PFP argues that no special relationship existed between PFP and Fineman Furniture to give rise to a fiduciary duty.  But the Amended Complaint clearly alleges there was such a relationship.

A fiduciary duty exists "when one has reposed trust or confidence in the integrity or fidelity of another who thereby gains a resulting superiority of influence over the first, or when one assumes control and responsibility over another," and "whether one party is a fiduciary depends on the relationship between the parties."  Ross v. FSG PrivatAir Inc., 03 Civ. 7292 (NRB), 2004 U.S. Dist. LEXIS 16157, at *20 (S.D.N.Y. Aug. 17, 2004), quoting Reuben H. Donnelley Corp. v. Mark I Marketing Corp., 893 F. Supp. 285, 289 (S.D.N.Y. 1995).  In the context of a commercial contract, a fiduciary duty may exist where the parties specifically agree to it or if "'one party's superior position or superior access to confidential information is so great as virtually to require the other party to repose trust and confidence in the first party.'"  Ross, 2004 U.S. Dist. LEXIS 16157, at *20, quoting Calvin Klein Trademark Trust v. Wachner, 123 F. Supp.2d 731, 734 (S.D.N.Y. 2000).

Under New York law, an agent owes its principal fiduciary duties of good faith and loyalty.  Ross, 2004 U.S. Dist. LEXIS 16157, at *23.  Moreover, "an agent is obligated to be

loyal to his employer and is prohibited from acting in any manner inconsistent with his agency or trust...." Id., quoting Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., No. 97 Civ. 5499 (LAP), 2004 WL 691680 at *19 (S.D.N.Y. Mar. 31, 2004).

Because a claim alleging the existence of a fiduciary duty depends on the nature of the relationship between the parties, such a claim is usually not subject to dismissal in a 12(b)(6) motion, given the generous pleading standard established in Fed.R.Civ.P. 8. Boley v. Pineloch Assocs., Ltd., 700 F. Supp. 673, 680-81 (S.D.N.Y. 1988); Abercrombie v. Andrew Coll., 438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006).

Here, Fineman Furniture's allegations plainly set forth the bases for both an agency and fiduciary relationship. The Amended Complaint alleges that PFP was Fineman Furniture's exclusive agent, that the parties enjoyed a relationship of trust and confidence, and that PFP was bound to exercise the utmost good faith and undivided loyalty toward Fineman Furniture. (Am. Compl. ¶¶ 34, 169). Indeed, PFP does not dispute that it was an agent of Fineman Furniture.

The Amended Complaint also alleges that PFP was in a superior position so great as to require Fineman Furniture to repose trust and confidence in PFP, including: (1) that PFP held itself out to be an expert in the area of GOB Sales, specifically with respect to GOB Sales in New York City (Id. at ¶¶ 21-23, 26, 28, 31); (2) that PFP stressed Mr. Fineman's lack of experience and sophistication with respect to running GOB Sales (Id.); and (3) that on several occasions prior to entering into the Agreement, PFP warned Mr. Fineman that GOB Sales were not regular sales, that they were very different than anything he had done in his 40 years running Fineman Furniture, and that Mr. Fineman did not have the resources or expertise to run a GOB Sale, let alone one in New York City which has complex regulations. (Id. at ¶¶ 21, 28).

The Amended Complaint further alleges that PFP's current counsel, Cohen Tauber Spievack & Wagner, prepared the Agreement and that Fineman Furniture was not represented by counsel during its negotiation.  (Id. at ¶ 33).

Finally, the Amended Complaint also alleges that once the Agreement was signed, Fineman Furniture continued to rely upon PFP's self-proclaimed sophistication in running GOB Sales, relinquishing its control over the Sale to PFP, allowing PFP to make all final decisions regarding the operation of the Sale and auction, and allowing PFP exclusively to control the finances of the Sale through the Sale Account.  (See, e.g., Am. Compl. ¶ 88, Ex. 4 at §§ 4.3, 11).

PFP wrongly relies on Calvin Klein Trademark Trust, infra.  (Defs. Memo at 10-11). Unlike the agreement there, the agreement between Fineman Furniture and PFP was not an arms-length contract between sophisticated parties.  The Amended Complaint alleges that Mr. Fineman was not sophisticated in the area of GOB Sales, nor was he represented by counsel in the negotiations.  (Am. Compl. ¶¶ 21, 28, 33).  Moreover, if the Agreement was an arms-length contract, that would not negate the possibility that it created an agency relationship or one in which PFP owed Fineman Furniture a duty of loyalty and trust.  Finally, contrary to PFP's assertion, there is no language in the Agreement that expressly or impliedly disavows creation of a fiduciary relationship and PFP has not disputed that an agency relationship existed between the parties.

The decision in Ross, above, is more to the point.  There, the court denied defendant's motion to dismiss the breach of fiduciary duty claim because, as here, the plaintiff pled that defendant had a fiduciary duty with plaintiff based on allegations that there was an agency relationship, that plaintiff had relied on defendant's espoused expertise, and that over the course

of their relationship, plaintiff had allowed defendant to negotiate with third parties on his behalf. 2004 U.S. Dist. LEXIS 16157, at *22.

### C.     Fineman Furniture Properly Pled that PFP Engaged in Common Law Fraud

PFP argues that a claim for common law fraud can never be premised upon a party's lack of intent to perform a contract, and that the fraud alleged is also duplicative of the contract claim. (Defs. Memo at 12). PFP errs in its statement of the law and simply ignores critical allegations that describe a fraud completely separate from the parties' contract.

#### 1.     Fineman Furniture Has Provided Allegations to Support a Claim of Common Law Fraud

What PFP failed to tell the Court is that in this Circuit, an intentionally false statement made with a preconceived and undisclosed intention of not performing it will constitute a misrepresentation of a material existing fact giving rise to a fraud claim, where the plaintiff shows *either*: (i) a fraudulent misrepresentation collateral or extraneous to the contract; *or* (ii) a legal duty separate from the duty to perform under the contract; *or* (iii) seeks special damages that are caused by the misrepresentation and not recoverable as contract damages. Bridgestone/ Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996).

Fineman Furniture has alleged not one or two, but all three of these circumstances:

> a. *Collateral Misrepresentations.* First, the Amended Complaint specifically alleges misrepresentations of existing fact, extraneous or collateral to the Agreement, made by PFP with the intent to induce Fineman Furniture into entering into the Agreement. For instance, paragraph 176 of the Amended Complaint alleges:

> > In furtherance of its master scheme, PFP made false representations to Fineman Furniture which were collateral to the Agreement to induce Fineman Furniture to enter into the Agreement, including: (a) promising that in conducting the GOB Sale, it would comply with the going out of business laws of New York State and New York City (PFP had a legal duty separate from its

duty to perform under the Agreement to abide by those laws in conducting the GOB Sale); (b) promising to maintain Fineman Furniture's reputation and goodwill; (c) promising to purchase additional inventory for the theme sale that was appropriate for Fineman Furniture customers and that such additional inventory would not occupy so much space as to prevent the sale of existing Fineman Furniture inventory; and (d) promising to conduct the Sale in a professional manner.

(See also, Am. Compl. ¶¶ 24-26, 28-30).

None of these misrepresentations are covered by the express provisions of the Agreement, which contains no reference to PFP's compliance with the relevant going out of business laws or maintaining Fineman Furniture's reputation and goodwill. Moreover, Fineman Furniture alleged that these misrepresentations were part of a pattern repeated from earlier going-out-of business sales – allegations that further demonstrate that Defendants knew the representations were false when they made them.

PFP incorrectly argues that its promise to purchase appropriate Additional Inventory for Fineman Furniture customers is covered by Section 5 of the Agreement. (Defs. Memo at 13; Am. Compl., Ex. 4). Section 5 of the Agreement, however, merely states that PFP will order additional inventory on its credit lines. (Am. Compl., Ex. 4). It is silent about the appropriateness of the inventory, an allegation that is clearly collateral to the Agreement.

Similarly, despite PFP's assertion, a plain reading of Section 4.10 of the Agreement demonstrates that the issue of space given to additional inventory is not addressed at all and is collateral to the Agreement. (Id.). Finally, the statement in the Agreement that PFP will provide "a team of experienced furniture personnel" (Id. at § 2.1(a)) does not cover PFP's much broader promise to conduct the Sale in a professional manner.

**b. *Extra-Contractual Legal Duty.*** The Amended Complaint also alleges a legal duty separate from PFP's duty to perform under the Agreement. Specifically, it states

that PFP had a duty to uphold the going out of business laws of New York State and New York City and that it failed to do so.  (Am. Compl. ¶ 176).

         **c. *Special Damages.***  Finally, the Amended Complaint alleges special damages caused by the misrepresentations and unrecoverable as contract damages.  Specifically, paragraph 186 of the Amended Complaint alleges:

> In addition, Fineman Furniture has suffered special damages, in an amount to be determined at trial, for the loss it suffered as a result of PFP's fraud, including (a) sales lost as a result of PFP's sale of its own goods during the GOB Sale; (b) losses from the damage to its reputation and goodwill; (c) losses resulting from PFP's taking of Fineman Furniture inventory for itself and its employees; (d) losses resulting from PFP giving away Fineman Furniture inventory for free or at greatly reduced prices; (e) losses for damage caused to Fineman Furniture buildings by PFP; (f) and for exposing Fineman Furniture to possible civil and criminal liability.

      **2.**      **Fineman Furniture Has Alleged a Valid Fraud Claim Based on PFP's Failure to Make Material Disclosures**

      PFP's motion also completely ignores a separate, independent basis for Fineman Furniture's fraud claim – PFP's alleged failure to disclose material facts.  A defendant's omissions of material fact may serve as a basis for a claim of fraud where there is a showing that a duty of disclosure existed.  Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n, 731 F.2d 112, 123 (2d Cir. 1984).  A party to a business transaction has a duty to speak in three situations:

> first, where the party has made a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth; second, when the parties stand in a fiduciary or confidential relationship with each other; and third, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge.

Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

      Here, the Amended Complaint contains allegations that would support a duty to disclose based on at least the latter two of the three circumstances mentioned in Brass.  (Id. at ¶ 181).  As

described above, the Amended Complaint alleges that PFP and Fineman Furniture had a fiduciary relationship.  The Amended Complaint alleges that PFP had a duty, by virtue of its special relationship with Fineman Furniture, to make certain disclosures (i.e., that it planned to use and did use the Fineman Furniture GOB Sale to offload its own merchandise, to unfairly compete against Fineman Furniture, to manipulate the GOB Sale for its own benefit and to violate New York City and State GOB laws) (Am. Compl. ¶ 177), that it failed to do so, and that those omissions constitute fraud.  (Id. at ¶¶ 174-187). And, as described above, Fineman Furniture alleged that PFP possessed superior knowledge with respect to the GOB Sale, not readily available to Fineman Furniture, and that PFP knew Fineman Furniture was acting on the basis of mistaken knowledge.  (Id. at ¶¶ 181-183).

### 3. Fineman Furniture Has Pled Fraud with the Requisite Particularity

Fineman Furniture's fraud claims are alleged with the particularity required by Fed.R.Civ.P. 9(b).  The Amended Complaint alleges the basic nature of PFP's fraudulent scheme (Am. Compl. ¶¶ 2-3, 32, 175-187) to induce Fineman Furniture into an agreement so that it could offload its own merchandise during the GOB Sale, steal from Fineman Furniture and unfairly compete against it, all under the guise of a purportedly legitimate GOB Sale.  The Amended Complaint also contains specific allegations of the timing of the misrepresentations, the speaker, and where the conversations took place.  (See, e.g., Am. Compl. ¶¶ 20-32.)  It also references other instances of similar fraudulent schemes perpetrated by the defendants.  (Id. at ¶¶ 2, 32; Keenan Aff., Exs. 1-2).

**D.    Fineman Furniture Has Properly Pled in the Alternative
that PFP and the Other Defendants Unjustly Enriched Themselves at
<u>Fineman Furniture's Expense in Ways Not Covered by the Contract Claim</u>**

Defendants argue that the cause of action for unjust enrichment must be dismissed because Fineman Furniture has alleged the existence of a valid contract between it and PFP. (Defs. Memo at 14). Defendants are wrong again, both insofar as the claim applies to PFP and as it applies to the Non-PFP Defendants.

**1.    Fineman Furniture is Entitled to Maintain Claims
<u>for Quasi-Contract and Breach of Contract in the Alternative</u>**

To begin with, Defendants forget that the Federal Rules of Civil Procedure permit a party to plead contradictory claims for relief in the alternative. Fed.R.Civ.P. 8(a) and 8(e)(2). More specifically, New York federal courts have repeatedly ruled that a plaintiff may plead breach of contract and, alternatively, unjust enrichment. <u>See</u> <u>e.g.</u>, <u>Maalouf v. Salomon Smith Barney, Inc.</u>, 2003 U.S. Dist. LEXIS 5913, at *20-21, 2003 WL 1858153, at *7 (S.D.N.Y. Apr. 10, 2003); <u>Contractual Obligation Prods., LLC v. AMC Networks, Inc.</u>, No. 04 Civ. 2867 (BSJ)(HBP), 2006 U.S. Dist. LEXIS 16402, at *22-23 (S.D.N.Y. Mar. 31, 2006) (listing cases where plaintiff was permitted to alternatively plead both breach of contract and quantum meruit); <u>Seiden Assocs., Inc. v. ANC Holdings, Inc.</u>, 754 F. Supp. 37, 39-40 (S.D.N.Y. 1991) (same).

Under Fed.R.Civ.P. 8(e)(2), Fineman Furniture is afforded a wide "latitude" in framing its right to recover. Dismissal of its alternative theory at this early stage of litigation would violate the liberal policy of the Rule. <u>Seiden</u>, 754 F. Supp. at 40.

**2.    Fineman Furniture's Unjust Enrichment Claim Against PFP is Valid
<u>Because It Involves Matters Not Covered by the Agreement</u>**

Second, Defendants argue the general rule that a quasi-contract claim is proper only in the absence of an express agreement. (Defs. Memo at 14). But they fail to mention the

exception that applies where, as here, the contract does not cover the subject matter of the quasi-contract claim. Joseph Sternberg, Inc. v. Walber 36th Street Assoc., 187 A.D.2d 225, 594 N.Y.S.2d 144 (1st Dep't 1993); Rabin v. Mony Life Ins. Co., 2007 U.S. Dist. LEXIS 18437 (S.D.N.Y. Mar. 9, 2007); Orange County Choppers, 497 F. Supp. 2d at 559-60.

Defendants cherry pick two allegations from the Amended Complaint to argue that Fineman Furniture's unjust enrichment claim is based solely on the subject matter of the Agreement. (Defs. Memo at 14). But a review of the Amended Complaint and the Agreement demonstrates otherwise. For example, the Amended Complaint alleges: (1) that PFP sold its own merchandise during the GOB Sale, unfairly competing with Fineman Furniture during the GOB Sale and offloading its own merchandise on Fineman Furniture's customers (Am. Compl. ¶¶ 67-68); (2) that PFP brought in leftover goods from previous liquidation and promotion sales to sell at the GOB Sale (Id. at ¶ 70); (3) that PFP made unauthorized payments to PFP executives, employees, and affiliates (Id. at ¶ 92); and (4) that after the GOB Sale, PFP took several truckloads of Fineman Furniture merchandise to an undisclosed location (Id. at ¶ 148), which it never returned.

Because the Agreement says nothing about any of these activities, PFP's motion on this count must be denied. (Am. Compl., Ex. 4). Support can be found in this Court's recent decision in Rabin. There, as here, there was no dispute regarding the existence of a contract between the parties. 2007 U.S. Dist. LEXIS 18437, at *14. Instead, there was a dispute whether the agreement specifically permitted defendant to make certain disbursements. Id. The Court concluded that at such an early stage of litigation, the dispute as to whether the terms of the agreement covered the subject matter of the dispute warranted denial of defendant's motion to dismiss the unjust enrichment claim. Id. at *14-15; see also, Sternberg, 187 A.D.2d at 227-229,

594 N.Y.S.2d at 145-146; <u>Tierney v. Omnicom Group, Inc.</u>, No. 06 Civ. 14302 (LTS)(THK),

2007 U.S. Dist. LEXIS 93349, at *11-12 (S.D.N.Y. Dec. 20, 2007).

The two decisions relied on by Defendants do not help them.  (<u>See</u> Defs. Memo at 14).

In both, unlike here, the parties' agreements specifically covered the subject matter of the

disputes.  <u>Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.</u>, 70 N.Y.2d 382, 389, 521

N.Y.S.2d 653, 656 (Ct. App. 1987); <u>Unicredito Italian Spa v. JPMorgan Chase Bank</u>, 288 F.

Supp. 2d 485, 504 (S.D.N.Y. 2003).

### 3.   Fineman Furniture's Unjust Enrichment Claim Against the Non-PFP Defendants is Not Redundant Because There is No Agreement Between Them

There is an even more fundamental reason to deny defendants' motion to dismiss the

unjust enrichment claim asserted against the Non-PFP Defendants: there was no agreement

between Fineman Furniture and any of the Non-PFP Defendants and Fineman Furniture has not

asserted a breach of contract claim against them.  So, Fineman Furniture's unjust enrichment

claim cannot be duplicative of the breach of contract claim.  Moreover, the Amended Complaint

clearly alleges that each of the Non-PFP Defendants profited personally from the Sale and

improperly received checks from the Sale Account.  (Am. Compl. ¶¶ 3, 92, 106, 140).

The law is clear that "the mere existence of a written contract governing the same subject

matter does not preclude such recovery from non parties so long as the other requirements for

quasi contracts are met."  <u>Seiden, supra,</u> 754 F. Supp. at 40; <u>see also Teachers Ins. and Annuity</u>

<u>Assoc. of Am.</u>, No. 06 Civ. 0392 (LAK)(KNF), 2007 U.S. Dist. LEXIS 28279, at *27-28

(S.D.N.Y. Mar. 20, 2007) (plaintiffs sufficiently alleged a claim for unjust enrichment against

non-party to contract that could co-exist with breach of contract claim).

### E.     Fineman Furniture's Conspiracy Claim Is Well-Pled

The Non-PFP Defendants argue that the conspiracy claim against them must be dismissed because: (1) an officer of a corporation cannot conspire with his employer to commit fraud, and (2) the allegations of the Amended Complaint do not adequately put them on notice of the conspiracy. Defendants are wrong on both counts.

### 1.     The Conspiracy Claim against the Individual Defendants is Proper

Despite Defendants' creative interpretation of the thirty-year old cases they cite, there is no rule (and indeed the cases do not purport to create a bright line rule) that an officer of a corporation can never conspire with his employer to commit fraud. In fact, under New York law, corporate officers may be held liable for fraud "if they participated in or had knowledge of the fraud, even if they did not stand to gain personally." Barkley v. Olympia Mortgage Co., 2007 U.S. Dist. LEXIS 61940, at *62 (E.D.N.Y. Aug. 22, 2007); see also Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc., 187 F.3d 229, 240 (2d Cir. 1999) (affirming district court's finding that the named corporate defendants and their president, chairman and sole owner, employee, and vice-president each conspired to defraud plaintiff by participating in a scheme to obtain financing from plaintiff and others based on fraudulent invoices).

Here, the Amended Complaint alleges that the Non-PFP Defendants – not all of whom were PFP employees – engaged in a well-rehearsed scheme to defraud Fineman and deprive it of the benefits of the GOB Sale (Am. Compl. ¶¶ 2-3), and that in furtherance of the scheme, they derived personal benefits from conspiring in the scheme, evidenced by their acceptance of payments from the Sale Account to which they were not entitled. (Id. at ¶¶ 92, 106, 140). It further alleges that the Non-PFP Defendants were aware of PFP's scheme from the outset and reaped a financial benefit from their participation. (Id. at ¶¶ 208-215).

Defendants rely on two cases for their proposition that a corporation cannot conspire with its employees. (Defs. Memo at 16, <u>citing</u> <u>Merkel Assocs., Inc. v. Bellofram Corp.</u>, 437 F. Supp. 612 (W.D.N.Y. 1977); <u>Milburn v. Blackfrica Promotions, Inc.</u>, 392 F. Supp. 434 (S.D.N.Y. 1974)). But both decisions pre-date the opposite ruling in <u>Cofacredit</u>. Moreover, both are distinguishable. In <u>Merkel Assocs.</u>, the court held that the mere showing of a business interrelationship of the defendants, without more, was insufficient to establish jurisdiction over the defendants – not an issue here. 437 F. Supp. at 618. More telling, in considering the allegations of the conspiracy claim, the court noted that no specific acts were alleged to demonstrate that the defendants acted other than through their employer's affairs, specifically, that no explanation was provided how the defendants attempted to derive personal benefits from the information that was purportedly converted. <u>Id</u>. Here, of course, Fineman Furniture has alleged more than a mere business interrelationship between the defendants. It has alleged overt acts demonstrating how Defendants derived personal benefits from the conspiracy and received unauthorized payments from the Sale Account.

In <u>Milburn</u>, the court concluded that the corporation did not conspire with its managing officers and agents because they maintained no business identity separate from the corporation itself. 392 F. Supp. at 436. Here, Fineman Furniture has alleged that defendants Rosenberg, Cohen and Earlywine also maintained business identities separate from PFP. Rosenberg is a principal of Gene Rosenberg and Associates, Cohen is a principal of BH Associates, Inc., Earlywine is a principal of Furniture Auctions of America, and all three defendants and their respective companies received unauthorized payments from the Sale Account. (Am. Compl. ¶ 92).

**2.    The Conspiracy Claim is Sufficiently Alleged**

The Non-PFP Defendants also wrongly argue that the Amended Complaint fails to place them on notice of the conspiracy.  To begin with, Fineman Furniture has, as demonstrated above, fully described the fraud of which it accuses all the defendants.

Second, Fineman Furniture has alleged that each of the defendants conspired to hatch a common plan and scheme to steal from Fineman Furniture and deprive it of the benefits of the GOB Sale, a scheme they had used repeatedly at earlier liquidation sales.  (Am. Compl. ¶¶ 2-3).  Specifically, Fineman Furniture alleged that PFP has been the subject of a number of government actions and private lawsuits in connection with their conduct in running GOB Sales nationally.  (Id. at ¶ 2, 32).

Examples of one state and one private complaint filed against PFP and one or more of the other defendants accusing them of conduct strikingly similar to that alleged here is annexed as Exhibits 1 and 2 to the Keenan Affidavit.  Most notable is a complaint and final judgment filed by the Attorney General of Massachussetts resulting in injunctive relief and the imposition of $255,000 in fines.  (Keenan Aff., Ex. 1).  The complaint in the Massachussetts action also refers to an earlier action against Rosenberg for similar conduct resulting in a fine of $129,014.62.  (Id.).

Fineman Furniture has also alleged overt acts by each of the defendants in furtherance of the conspiracy, including Defendants' receipt and acceptance of unauthorized payments from the Sale Account.  (Id. at ¶¶ 92, 106, 140, 208-215).  The facts alleged suggest that each defendant knowingly entered into and participated in the conspiracy to deprive Fineman Furniture of the benefits of the Sale.  Fineman Furniture has pleaded facts warranting the inference that each defendant belonged to the conspiracy.

Plainly, Fineman Furniture's conspiracy claim more than satisfies the notice pleading principles of Fed.R.Civ.P. 8. In pleading a short and plain statement of the conspiracy claim, a pleader should, without going into unnecessary detail, inform the opposing party of the conspiracy charged. Kravetz v. Brukenfeld, 591 F. Supp. 1383, 1387-88 (S.D.N.Y. 1984).

> This is not to say that the pleader must plead his evidence; further details may be secured by means of discovery, and related devices. Moreover, great leeway should be allowed the pleader, since by the nature of the conspiracy, the details may not be readily known at the time of the pleading.

Id.

Moreover, since filing the Amended Complaint, Fineman Furniture has learned additional facts that would support the conspiracy claim, as well as its other claims. For instance, Fineman Furniture has learned: (1) that checks written to Defendants from the Sale Account were authorized by themselves in written notations, such as "Ok PC" (defendant Paul Cohen), "Ok per Roy" (defendant Hester); (2) that PFP, Earlywine and Furniture Auctions of America, which conducted the post-sale auction in New York, were not licensed to do so despite holding themselves out to be licensed auctioneers; and (3) that allegations of similar misconduct have recently been made against PFP in a suit recently filed in the United States District Court for the Southern District of Florida, Civil Action No. 07-23321. And, of course, further details of the conspiracy are also likely to be revealed during discovery.

### F.    Fineman Furniture Adequately Pled a Claim Against the Non-PFP Defendants for Aiding and Abetting a Breach of a Fiduciary Duty

The Non-PFP Defendants argue that the Amended Complaint fails to plead that they knowingly induced or participated in the breach of fiduciary duty or that they even knew a breach had occurred. As demonstrated above, all the defendants were aware of the scheme to defraud Plaintiffs and participated in it, as further evidenced by their acceptance of unauthorized payments from the Sale Account. Defendants' knowing inducement and participation in the

breach is readily apparent. At the very least, a reasonable inference can be made that they accepted the unauthorized payments knowing that they were not entitled to them. Defendants affirmatively assisted in the breach of fiduciary duty by participating in the scheme to defraud Plaintiffs and by accepting the unauthorized checks from PFP and cashing them. Moreover, it can be reasonably inferred from the facts alleged that these Defendants, who have worked together on other liquidation sales, knew of the scheme to defraud and that PFP breached its fiduciary duty when it implemented its scheme. (Am. Compl. ¶¶ 216-220). Accordingly, because the Amended Complaint alleges facts sufficient to show Defendants' knowing inducement or participation and knowledge of the breach, their motion should be denied.

### G.    Leave to Amend Should be Granted

Leave to amend a complaint is freely given when justice so requires. Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 183, 83 S.Ct. 227 (1962). When a motion to dismiss is granted because of pleading deficiencies, the usual practice is to permit plaintiff to amend the complaint. Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); Maalouf, 2003 U.S. Dist. LEXIS 5913, at *25.

While, as demonstrated above, Fineman Furniture believes that all of its claims should survive this motion, if this Court does grant Defendants' motion in whole or in part, Fineman Furniture respectfuly requests the opportunity to amend. Despite defendants' implication (Defs. Memo at 19), Fineman Furniture was well within its rights under the Federal Rules of Civil Procedure to file this Amended Complaint as a matter of course before Defendants served a responsive pleading. Fed.R.Civ.P. 15(a). Indeed, Fineman Furniture did so to address purported deficiencies pointed out by defendants. Now that Defendants have pointed out additional

supposed deficiencies, there is no reason not to permit further amendment. Nor, given the new material mentioned in this brief, would amendment be futile.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' motion to dismiss be denied in its entirety or, in the alternative, that Plaintiffs be permitted leave to file a second Amended Complaint.

Dated: January 31, 2008
New York, New York

By: _____
Douglas F. Broder (DB 8406)
Catherine R. Keenan (CK 5925)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901
douglas.broder@klgates.com
catherine.keenan@klgates.com

*Attorneys for Plaintiffs*