UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FINEMAN FURNITURE CO. INC. and     :
SEYMOUR FINEMAN, individually,     :   Civil Action No. 07 Civ. 9749 (JSR)
                                                 :
                     Plaintiffs,   :
v.                                     :
                                               :
PLANNED FURNITURE PROMOTIONS, INC.,  :
GENE ROSENBERG AND ASSOCIATES, LLC,  :
EUGENE ROSENBERG, LESTER ROY     :
HESTER, PAUL COHEN, KURT EARLYWINE,  :
FURNITURE AUCTIONS OF AMERICA,     :
TODAY'S FURNITURE, and BH ASSOCIATES,  :
INC.,                                        :
                                               :
                     Defendants.   :
-------------------------------------------------------------X

## DEFENDANTS' REPLY JOINT MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS

COHEN TAUBER SPIEVACK & WAGNER P.C.
420 Lexington Avenue
Suite 2400
New York, New York 10170
(212) 586-5800

# TABLE OF CONTENTS

Page

I.    Argument ............................................................................................... 1

A.  Plaintiffs Fail to State a Claim For Breach of The Implied Covenant of Good Faith and Fair Dealing ....................................................... 1

B.  Plaintiffs Have Not Stated a Claim For Breach of Fiduciary Relationship ... 2

C.  The Fraud Claims Cannot Survive .............................................. 5

D.  Plaintiffs Cannot Maintain a Claim for Unjust Enrichment Against PFP ..... 6

E.  Plaintiffs Have Not Adequately Pleaded a Claim Against the Non-PFP Defendants for Unjust Enrichment .............................................. 7

F.  Plaintiffs Have Not Adequately Pleaded the Conspiracy Claim .................. 7

G.  Plaintiffs Have Failed to Plead Aiding and Abetting a Breach of Fiduciary Duty ............................................................................... 10

H.  Plaintiffs Should Be Denied Leave to Amend the Amended Complaint ...... 10

II.   Conclusion ........................................................................................ 10

Table of Authorities

<u>Page</u>

Cases

*Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n*
  731 F.2d 112 (2d Cir. 1984) ......................................................................6

*Abercrombie v. Andrew Coll.*
  438 F. Supp. 2d 243 (S.D.N.Y. 2006) ......................................................2

*Boley v. Pinolech Assocs., Ltd*
  700 F. Supp. 673 (S.D.N.Y. 1998) .......................................................2, 5

*Bridgestone/Firestone Inc. v. Recovery Credit Servs. Inc.*
  98 F. 3d 13 (2d Cir. 1996) ........................................................................5

*Caiafa v. Sea Containers*
  2007 WL 2815633 (S.D.N.Y. Sept. 25, 2007) ......................................5, 9

*Calvin Klein Trademark Trust v. Wachner*
  129 F. Supp. 2d 248 (S.D.N.Y. 2001) ......................................................3

*Chase Manhattan Bank, N.A. v. Keystone Distribs., Inc.*
  873 F. Supp. 808 (S.D.N.Y 1994) ............................................................2

*de Atucha v. Hunt*
  128 F.R.D. 187 (S.D.N.Y. 1989). .............................................................8

*Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc.*
  2007 WL 438088 (S.D.N.Y. Feb. 8, 2008) ..............................................2

*Fiore v. McDonald's Corporation*
  1996 WL 331090 (E.D.N.Y. June 12, 1996)..........................................10

*Geinko v. Paddan*
  2002 WL 276236 (S.D.N.Y. Feb. 27, 2002). .......................................5, 9

*Gristededes Foods, Inc. v. Unkechauge Nation*
  2007 WL 4232778 (E.D.N.Y. Nov. 28, 2007) ..........................................7

*Gross v. Empire Healthchoice Assurance, Inc.,*
  847 N.Y.S.2d 896 (NY County, 2007)......................................................2

*Hunt v. Enzo Bicochem, Inc.*

   471 F. Supp.2d 390 (S.D.N.Y. 2006) ................................................................8

*Jacobson v. Peat, Marwick, Mitchell & Co.*
   445 F. Supp. 518 (S.D.N.Y. 1977) ...............................................................8

*Jones v. Capital Cities v. ABC Inc.*
   168 F.R.D. 477 (S.D.N.Y 1996)..................................................................9

*Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*
   838 N.Y.S.2d 536 (1st Dep't 2007) ...........................................................2

*Manhattan Motorcars, Inc. v. Automobili Lamborhini, S.p.A.,.*
   244 F.R.D. 204 (S.D.N.Y. 2007).................................................................2

*Mechigan v. Art Capital Corp.*
   612 F. Supp. 1421 (S.D.N.Y. 1985) .............................................................3

*Motel 6 Sec. Litig,*
   1997 WL 154011 (S.D.N.Y. Apr. 2, 1997).. .................................................7

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*
   85 F. Supp.2d 282 (S.D.N.Y. 2002)………………………………………......8

*Orange County Choppers, Inc. v. Olaes Enters., Inc.,*
   497 F. Supp. 2d 541 (S.D.N.Y. 2007) ......................................................1, 2

*Pope v. Rice*
   2005 WL 613085 (S.D.N.Y. Mar. 14, 2005)………………………………….10

*Reading Intern Inc. v. Oaktree Capital Management LLC*
   317 F.Supp.2d 301 (S.D.N.Y. 2003) .........................................................7

*Redtail Leasing Inc. v. Belleza*
   1997 WL 603496 (S.D.N.Y. Sept. 30, 1997) ...............................................7

*Reuben H. Donnelley Corp. v. Mark I Marketing Corp.,*
   893 F. Supp. 285 (S.D.N.Y. 1995)............................................................2

*Ross v. FSG Privatair, Inc.*
   2004 U.S. Dist. LEXIS 16157 (S.D.N.Y. Aug. 17, 2004).........................3, 5

*Segal v. Gordon,*
   467 F.2d 602 (2d. Cir. 1972) ...................................................................8

*Six West Retail Acquisition Inc. v. Sony Theatre Mgmt. Corp.,*
   2004 WL 691680 (S.D.N.Y. Mar. 31, 2004)...............................................2

*Siradas v. Chase Lincoln First Bank, N.A.*
  1999 WL 787658 (S.D.N.Y. Sept. 30, 1999) ............................................................1, 2

In a classic case of the pot calling the kettle black, Plaintiffs turn a garden variety breach of contract action against a single company into a 42 page, 11 count federal case against nine separate defendants and then have the audacity to accuse Defendants of "excessive and oppressive litigation tactics aimed at spending Plaintiffs into submission."

As shown more fully below, Plaintiffs' self righteous indignation notwithstanding, and despite two bites at the apple, they still have failed to allege sufficient facts to sustain any of the claims that are the subject of this motion.

**A.     Plaintiffs Fail To State a Claim For Breach
of The Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs argue that their claim for breach of the covenant of good faith and fair dealing is not duplicative of their breach of contract claim. (Pl. Mem. at 7-9). [1]  The facts alleged in the Amended Complaint, however, tell a different story.   Indeed, all of the purported "extra-contractual" conduct, however, is simply conduct that is governed by the terms of the contract and gives rise to the same alleged damages. Accordingly, a separate claim cannot be sustained. *Siradas v. Chase Lincoln First Bank, N.A.,* 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999)(Tab 1).

To the extent that Plaintiffs allege that PFP deprived Fineman of the benefits of the contract and kept the profits for itself, such conduct, if true, would constitute a breach of Sections 4.3 and 4.4(b) of the Agreement, which governs how proceeds from the Sale are to be distributed. (Esses Aff., Ex. 2).  Likewise, claims of Additional Inventory being brought into the Sale by PFP are governed by Section 5 of the Agreement and do not stand apart from the Agreement.  *Id.*

Notably, Plaintiffs fail to cite to any State or Federal case in which a breach of implied covenant of fair dealing claim *and* a breach of contract claim were allowed to proceed simultaneously. *See e.g., Orange County Choppers, Inc. v. Olaes Enters., Inc.*, 497 F. Supp. 2d 541 (S.D.N.Y.

---

[1] "Pl. Mem." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss.

2007)(dismissing breach of implied covenant of good faith and fair dealing because the allegations

were based on the same facts as the breach of contract claim); *Echostar DBS Corp. v. Gemstar-TV*

*Guide Int'l, Inc.*, 2007 WL 438088, at *7 (S.D.N.Y. Feb. 8, 2007)(Tab 2)(same); *Siradas,* 1999 WL

787658, at *6 (same); *Chase Manhattan Bank, N.A. v. Keystone Distribs., Inc.*, 873 F. Supp. 808, 815

– 816 (S.D.N.Y. 1994)(court upheld claim for breach of the covenant of good faith and fair dealing

where the breach of contract claim was dismissed); *Manhattan Motorcars, Inc. v. Automobili*

*Lamborhini, S.p.A.*, 244 F.R.D. 204, 214 (S.D.N.Y. 2007)(breach of contract claim dismissed);

*Maddaloni Jewelers, Inc. v. Rolex Wacth U.S.A., Inc.,* 838 N.Y.S.2d 536 (1st Dep't 2007) (no breach

of contract claim alleged)**.** *Gross v. Empire Healthchoice Assurance, Inc.*, 847 N.Y.S.2d 896 (NY

County, 2007)(court dismissed all counts but the breach of covenant of good faith and fair dealing).

**B.**     **Plaintiffs Have Not Stated a Claim For Breach of Fiduciary Relationship**

As set forth in Defendants' initial brief, the breach of fiduciary duty claim must be

dismissed because Plaintiffs fail to allege sufficient facts to establish, as a threshold, that a

fiduciary relationship existed. *See Boley v. Pinolech Assocs., Ltd*., 700 F. Supp. 673, 680-81

(S.D.N.Y. 1988). Indeed, the cases Plaintiffs' themselves cite dismiss fiduciary relationship

claims. *See e.g.*, *Reuben H. Donnelley Corp. v. Mark I Marketing Corp*., 893 F. Supp. 285, 289

(S.D.N.Y. 1995) (declining to find a fiduciary duty because a conventional business relationship

does not create a fiduciary relationship); *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt.*

*Corp.*, 2004 WL 691680, at *19 (S.D.N.Y. Mar. 31, 2004)(Tab 3)(dismissing breach of fiduciary

claim); *Abercrombie v. Andrew Coll*., 438 F. Supp. 2d 243 (S.D.N.Y. 2006).

This Court should not give any credence to Plaintiffs' attempts to create a fiduciary

relationship by (1) asserting the conclusory allegation that PFP was an agent of Fineman, and (2)

alleging Fineman's reliance on PFP's "superior knowledge" of GOB sales (Pl. Mem. at 11).

Even if true (and for the sake of this motion only we assume the truth of these allegations),

neither meets the requirements for a finding of a fiduciary relationship between parties to a commercial contract. Furthermore, Plaintiffs' allegation that PFP was Fineman's agent is a legal conclusion, and this Court is not required to credit "legal conclusion[s] couched as a factual allegation." *Ross v. FSG Privatair, Inc.*, 2004 U.S. Dist. LEXIS 16157, at *1 (S.D.N.Y. Aug. 17, 2004)(Tab 4)(citations omitted).[2]

It is also well settled that mere allegations of superior knowledge, absent additional factors, is not enough to establish a fiduciary relationship. *Mechigan v. Art Capital Corp.,* 612 F. Supp. 1421 (S.D.N.Y. 1985) (court declined to find that a fiduciary relationship automatically is created when someone with superior expertise is hired).

The simple fact is that Plaintiffs and PFP were parties to an arms' length commercial contract. It is hornbook law that contracting parties do not ordinarily assume fiduciary obligations to one another unless they specifically so agree. *See, e.g.*, *Calvin Klein Trademark Trust v. Wachner,* 129 F. Supp. 2d 248 (S.D.N.Y. 2001). Plaintiffs have not alleged -- nor can they -- that the parties agreed to create anything more than a commercial business relationship for the purposes of this particular GOB sale. PFP's duties arise out of the contract language and not from any other relationship between the parties. Where the parties' contract forms the basis and boundary of their relationship, fiduciary responsibilities do not attach. *Rueben H. Donnelly Corp.,* 893 F. Supp. at 290 (refusing to find a fiduciary relationship where, absent the contractual obligations, the alleged conduct would not be actionable).

Moreover, Plaintiffs' transparent attempt to portray themselves as naive waifs incapable of negotiating an arms' length contract by alleging that "the agreement was not an arms-length

---

[2] Plaintiffs' argue that "PFP does not dispute that it was an agent of Fineman's Furniture." (Pl. Mem. at 11, 12). PFP, of course, has not yet answered the Amended Complaint and so has not formally responded to any of the allegations. There is no doubt, however, that PFP disputes that there was an agency relationship between the parties or it owed Fineman a fiduciary duty.

transaction between sophisticated parties" (Pl. Mem. at 12) deserves no serious consideration. The Amended Complaint portrays the Fineman family as pioneers and long-term participants in the furniture business (more than 70 years) and states that Seymour Fineman, a signatory to the Agreement, had run the business since 1960 (Compl. ¶¶ 1, 2, 18). Indeed, the Amended Complaint gives Fineman a perhaps well-deserved pat on the back by crowing that Plaintiffs' had such superior business skills that it succeeded in an industry and neighborhood where 126 other furniture stores had failed. (*Id.*).

When Seymour Fineman decided to close Fineman's doors in 2005, he explored various exit options, entered into discussions with "several" furniture liquidation companies, and even considered running his own GOB sale before ultimately entering into the Agreement with PFP. (Compl. ¶¶19, 20). Seymor Fineman came to the negotiating table with 45 years experience in running a highly successful furniture company. Plaintiffs want it both ways, even when the two ways contradict one another. Based on the allegations of the Amended Complaint, it cannot seriously be disputed that Plaintiffs were highly sophisticated, fully capable of negotiating and understanding the contractual provisions to the Agreement.

The contention that the Agreement was drafted by PFP's attorneys and that Plaintiffs were not represented by counsel in the negotiations is a red herring. Plaintiffs specifically acknowledge in section 13.10 of the Agreement that Fineman had been "advised to take the opportunity to review the terms [of the Agreement] with an attorney prior to execution." (Esses Aff., Ex. 2). In addition, Plaintiffs came to the negotiating table after having run a successful furniture business for literally his entire adult life and made the informed decision to negotiate the Agreement directly with PFP, rather than through counsel. Plaintiffs have not cited any cases that stand for the proposition that a contract negotiated without counsel gives rise to a fiduciary relationship.

- 4 -

Plaintiffs' reliance on *Ross v. FSG PrivatAir, Inc.*, 2004 U.S. Dist. LEXIS 16157, is misplaced. In *Ross*, defendant held itself out as an expert in drafting and negotiating contracts for the sale and acquisition of aircraft. *Id.* Plaintiff relied on defendants to draft and negotiate the contract and represent him in the acquisition of an aircraft from a third party. *Id.* The court held that a fiduciary relationship had properly been pled. *Id.* Here, PFP did not hold itself out as experts in the negotiation of GOB contracts, nor did Plaintiff rely on PFP to negotiate the Agreement on its behalf.

As stated above, the fact that PFP had superior knowledge to Fineman in running GOB sales will not, without more, create a fiduciary obligation. *Boley,* 700 F. Supp. at 681(allegations of reliance on another party's superior expertise will not suffice to create a fiduciary duty). Indeed, in most contracts for services, the party providing the service will have superior knowledge, and courts have routinely refused to find a fiduciary relationship merely because one party had superior expertise.

## C.     The Fraud Claims Cannot Survive

No matter how much Plaintiffs try to assert otherwise, their fraud claims are really camouflaged contract claims and, under well established law, cannot be maintained. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19-20 (2d Cir. 1996)(affirming district court's finding of no fraud, where the facts used by plaintiff to establish fraud were no more than defendant's failure to perform under the contract).

Plaintiffs improperly attempt to bolster their deficient fraud claim by including hearsay allegations from wholly unrelated cases involving PFP, and then arguing that these unrelated cases demonstrate fraudulent intent.    In rejecting just such an argument, the Court in *Caiafa v. Sea Containers Ltd.,* 2007 WL 2815633, at *9 (S.D.N.Y. Sept. 25, 2007) (Tab 5), *citing Geinko v. Padda,* 2002 WL 276236, at *6 (N.D.Ill. Feb. 27, 2002)(Tab 6), noted that if this method of

pleading were permitted, that is, relying on another lawsuit alleging fraud to support the instant allegation of fraud, then two plaintiffs could file separate actions, each relying on the allegations in the other's complaint, and both would state a claim for fraud against the defendant.

Plaintiffs also allege that PFP failed to disclose material facts because it did not inform Plaintiffs that it had been involved in lawsuits. This allegation is nothing more than Plaintiffs' attempt to blame PFP for its own failure to conduct due diligence before entering into a contract. PFP had no obligation to disclose involvement in other lawsuits, nor is such involvement in other lawsuits evidence of fraudulent intent. Moreover, Plaintiffs do not allege that they even *asked* PFP about prior lawsuits. Thus, their contention now that PFP's failure to volunteer that over the course of its business history it was involved in several lawsuits can form the basis of a fraud allegation is simply absurd. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n,* 731 F.2d 112, 123 (2d Cir. 1984)(defendant had no duty to disclose matters where plaintiff never made an inquiry and in any event, the information was a matter of public record).

## D.    Plaintiffs Cannot Maintain a Claim for Unjust Enrichment Against PFP

Plaintiffs' unjust enrichment claim against PFP is nothing more than a restatement of its breach of contract claim. The allegedly "unjust enrichment" complained of in the Amended Complaint relates either to PFP's alleged sale of additional inventory, including its own inventory or inventory from prior sales, that was not agreed to, nor authorized by Fineman's. (Compl. ¶¶ 67, 68. 70). Section 5 of the Agreement provides for Additional Inventory to be added to the sale, therefore any claims regarding additional inventory is governed by this section. (Esses Aff., Ex. 2). To the extent that unjust enrichment arose out of "unauthorized payments" that were alleged to have been made at the GOB Sale, this conduct is governed by Sections 4.3 and 4.4(b) of the Agreement which detail how sale proceeds are to be distributed. *Id.* Finally, the allegation that PFP was unjustly enriched because it improperly removed inventory at the end

- 6 -

of the GOB Sale is, if true, at best a violation of Section 8 of the Agreement which provides for the distribution of unsold inventory. *Id.*

**E.    Plaintiffs Have Not Adequately Pleaded a Claim Against the Non-PFP Defendants For Unjust Enrichment**

Plaintiffs allege that because there was no agreement between them and the Non-PFP Defendants and the Non-PFP Defendants received money that should have gone to Plaintiffs, the cause of action for unjust enrichment must stand. (Compl. ¶¶ 3, 92, 106, 140). However, where, as here, the relationship between a plaintiff and defendant is too attenuated, a claim for unjust enrichment will not be supported. *Gristedes Foods, Inc. v. Unkechauge Nation*, 2007 WL 4232778, at *13 (E.D.N.Y. Nov. 28, 2007)(Tab 7). The Amended Complaint contains no allegations of any relationship between Plaintiffs and the Non-PFP Defendants, let alone any contractual or quasi-contractual relationship. *In re Motel 6 Sec. Litig*, 1997 WL 154011, at *7 (S.D.N.Y. Apr. 2, 1997)(Tab 8)(finding that an unjust enrichment claim contemplates that the parties must have had some type of direct dealing). To allow this claim to proceed would "remove the elements of unjust enrichment from the context in which they must be viewed, as an alternative to contract, where a contractual relationship has legally failed." *Gristedes*, 1997 WL 154011, at *13; *Reading Intern., Inc. v. Oaktree Capital Management LLC*, 317 F.Supp.2d 301, 333-334 (S.D.N.Y. 2003)(dismissing unjust enrichment claim where plaintiff failed to allege any contractual or quasi-contractual relationship with defendants); *Redtail Leasing, Inc. v. Bellezza*, 1997 WL 603496, at *7-8 (S.D.N.Y. Sept. 30, 1997)(Tab 9)(same).

**F.    Plaintiffs Have Not Adequately Pleaded the Conspiracy Claim**

Plaintiffs argue that they have "more than satisfied the notice principles" of Rule 8 in alleging the conspiracy claim (Pl. Memo. at 23). Even if this were true -- and we do not concede that it is -- in actions alleging conspiracy to commit fraud, the particularity requirements of Rule

- 7 -

9(b) must be met. *See, e.g.*, *de Atucha v. Hunt,* 128 F.R.D. 187 (S.D.N.Y. 1989); *Hunt v. Enzo Biochem, Inc.,* 471 F. Supp. 2d 390, 400 (S.D.N.Y. 2006). In order to state a claim for conspiracy to commit fraud against each of the individual defendants, Plaintiffs "must set forth with certainty" facts showing (1) what ***each*** of the defendants did to carry the conspiracy into effect; (2) how such acts fit within the framework of the conspiracy alleged; and (3) injury caused to plaintiffs as a result of such acts. *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 297 (S.D.N.Y. 2002).

As discussed in Defendants' initial brief, the Amended Complaint asserts nothing more than conclusory allegations that "Defendants were aware of PFP's fraudulent scheme" and "consciously schemed and conspired with each other." (Compl. ¶¶ 209, 210). "Mere general allegations that there was fraud…or conspiracy, or acts or conduct in these terms are not enough [to make them more than conclusory] no matter how frequently repeated." *Odyssey Re (London) Ltd.,* 85 F. Supp. 2d at 297 quoting, *Segal v. Gordon,* 467 F.2d 602, 607 (2d. Cir. 1972).

Recognizing that the Amended Complaint is devoid of any allegations to show that the individual defendants each conspired to commit fraud, Plaintiffs improperly allege additional "facts" and submit additional documents in opposition to this motion to dismiss. It is well settled that a party is not entitled to amend its pleadings through statements in its brief. *Jacobson v. Peat, Marwick. Mitchell & Co.,* 445 F. Supp. 518, 525 (S.D.N.Y. 1977). In any event, these "facts" merely underscore that not only is the Amended Complaint devoid of facts to support a conspiracy claim against the Non-PFP Defendants, but even if Plaintiffs were given the opportunity to amend the complaint *again,* they would be unable to properly plead a conspiracy to commit fraud claim against each of the Non-PFP Defendants.

The vague allegation that "checks written to Defendants from the Sale Account were authorized by themselves in written notations, such as Ok PC (Paul Cohen), Ok per Roy" (Pl.

Mem. at 23) is not sufficient to supplement the conspiracy claim. First, Plaintiffs once again lump the defendants together without identifying (i) which defendants they are referring to, (ii) what checks were written to each of these defendants, (iii) which of these checks contained the "authorization" referenced above, (iv) which of these checks constitute "unauthorized payments," as opposed to payments that are specifically contemplated by the Agreement,[3] and (v) how these checks relate to the alleged fraud. This vague allegation, even if properly included in another amended complaint, still fails to satisfy the pleading requirement of the conspiracy claim against the individual defendants.

In what is surely an act of desperation, Plaintiffs assert the hopelessly vague and irrelevant contention that "allegations of similar misconduct" has recently been alleged against PFP (not the individual defendants) in another lawsuit. Allegations against PFP in a wholly unrelated lawsuit in Florida cannot possibly "support the conspiracy claim." Allegations contained in pleadings from an unrelated lawsuit are inadmissible and cannot be relied upon to support a claim for conspiracy to commit fraud. *Caiafa,* 2007 WL 2815633; *Geinko,* 2002 WL 276236.

In a last ditch effort to salvage the conspiracy claim (and an implicit acknowledgement that there are no facts to support it), Plaintiffs contend that "further details of the conspiracy are likely to be revealed during discovery." It is well settled that "the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Jones v. Capital Cities/ABC Inc.,* 168 F.R.D. 477, 480 (S.D.N.Y. 1996).

---

[3] Pursuant to the Agreement, PFP was obligated to advance funds for the start up of the Sale, which advance was to be reimbursed from proceeds from the Sale. Esses Aff., Ex. 2, Section 2.1(d). In their original Complaint, Plaintiffs admit that PFP invested $226,000 for this advance -- a fact which they chose to omit from the Amended Complaint thereby creating the (false) impression that payments to the Defendants were improper. Esses Aff., Ex. 3, ¶ 84.

**G.    Plaintiffs Have Failed to Plead Aiding and Abetting a Breach of Fiduciary Duty**

The Aiding and Abetting Breach of Fiduciary Duty claim suffers from the same pleading deficiency as the conspiracy claim and Plaintiffs rely on the same vague and insufficient allegations.  First, Plaintiffs have failed to establish the existence of a fiduciary duty.  Second, even if a fiduciary duty is found to exist, mere conclusory allegations that defendants knew of and participated in a scheme to defraud plaintiffs are insufficient to adequately plead a claim of aiding and abetting breach of fiduciary duty.  *Pope v. Rice*, 2005 WL 613085, *13 (S.D.N.Y. Mar. 14, 2005)(Tab 10)

**H.    Plaintiffs Should Be Denied Leave to Amend the Amended Complaint**

Although leave to amend a complaint shall be freely given when justice so requires, when leave to amend would serve no purpose, such leave should be denied.  *Jones v. Capital Cities/ABC Inc.,* 874 F. Supp. 626, 630 (S.D.N.Y. 1995).  Here, Plaintiffs have already amended the complaint in an attempt to correct the pleading deficiencies and have not presented this Court with any facts which, if allowed to replead, would correct the deficiencies.  Therefore, leave to replead should be denied. See, *Fiore v. McDonald's Corporation,* 1996 WL 331090 (E.D.N.Y. June 12, 1996)(Tab 11).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion be granted in its entirety.

Dated: New York, New York
       February 7, 2008

COHEN TAUBER SPIEVACK & WAGNER P.C.
*Counsel to Defendants*

By: _____
       Sari E. Kolatch
       Leo L. Esses
420 Lexington Avenue, 24th Floor
New York, New York 10170
(212) 586-5800

- 10 -