UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FINEMAN FURNITURE CO. INC. and           :
SEYMOUR FINEMAN, individually,           :        Civil Action No. 07 Civ. 9749 (JSR)
                                         :
                     Plaintiffs,         :        **GENE ROSENBERG AND**
                                         :        **ASSOCIATES LLC, EUGENE**
v.                                       :        **ROSENBERG, PAUL COHEN,**
                                         :        **LESTER ROY HESTER, KURT**
PLANNED FURNITURE PROMOTIONS,            :        **EARLYWINE, FURNITURE**
INC., GENE ROSENBERG AND                 :        **AUCTIONS OF AMERICA,**
ASSOCIATES, LLC, EUGENE ROSENBERG        :        **TODAY'S FURNITURE AND**
LESTER ROY HESTER, PAUL COHEN,           :        **BH ASSOCIATE, INC.'S**
KURT EARLYWINE, FURNITURE                :        **ANSWER TO THE AMENDED**
AUCTIONS OF AMERICA, TODAY'S             :        **COMPLAINT AND**
FURNITURE, and BH ASSOCIATES, INC.,      :        **AFFIRMATIVE DEFENSES**
                                         :
                     Defendants.         :
----------------------------------------------------------X

     Defendants Gene Rosenberg and Associates, LLC ("GRA"), Eugene Rosenberg

("Rosenberg"), Paul Cohen ("Cohen"), Lester Roy Hester ("Hester"), Kurt Earlywine

("Earlywine"), Today's Furniture ("Today's Furniture"), BH Associates, Inc. ("BH

Associates"), and Furniture Auctions of America ("FAA", collectively the "Defendants"),

by and through their attorneys Cohen Tauber Spievack & Wagner P.C., answer the

Amended Complaint of Plaintiffs Fineman Furniture Co., Inc. and Seymour Fineman

(together the "Plaintiffs") (the "Amended Complaint") as follows:

## INTRODUCTION

     1.    Defendants deny knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

     2.    Defendants deny knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.     Defendants deny the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

## THE PARTIES

4.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7.     GRA admits that it is a limited liability company, denies the truth of the remaining allegations set forth in paragraph 7 of the Amended Complaint and respectfully refers all matters of law to this honorable Court. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8.     Rosenberg admits that he is an individual residing in Connecticut and is also known as Gene. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9.     Hester admits that he is an individual residing at 6107 Foxfield Court, Windemere, Florida. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10.    Cohen admits that he is an individual residing at 77 Tennyson Drive, Longmeadow, Massachusetts. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11.    Earlywine admits that he is an individual and denies that he resides at 1802 SE 28th Street, Cape Coral, Florida. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12.    FAA admits that it is a company and denies that it has a place of business at 9 Moody Road, Bldg. D, Suites 17-18, Enfield, Connecticut. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13.    BH Associates denies the truth of the allegations contained in paragraph 13 of the Amended Complaint. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

14.    Today's Furniture admits that it is a company with a place of business at 9 Moody Road, Bldg. D, Suites 17-18, Enfield, Connecticut. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

## JURISDICTION AND VENUE

15.    Defendants neither admit nor deny the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and respectfully refer all matters of law to this honorable Court.

16.    Defendants deny that they caused any injury to Plaintiffs, neither admit nor deny the truth of the remaining allegations set forth in paragraph 16 of the Amended Complaint, and respectfully refer all matters of law to this honorable Court.

17.    Defendants deny that they caused any injury to Plaintiffs, neither admit nor deny the truth of the remaining allegations set forth in paragraph 17 of the Amended Complaint, and respectfully refer all matters of law to this honorable Court.

## FACTS APPLICABLE TO ALL COUNTS

18.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

20.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint.

21.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint.

22.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint.

23.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint.

34.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint.

35.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint.

36.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint.

**PFP'S PREPARATION FOR THE GOB SALE**

37.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint.

38.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint.

39.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

40.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

45.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint.

46.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint.

47.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint.

48.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint.

49.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint.

50.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

52.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint.

53.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint.

54.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint.

56.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint.

**PFP'S SALE OF THE INVENTORY**

58.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint.

59.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint.

60.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint.

61.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint.

62.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint.

63.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint.

64.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint.

65.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint.

66.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint.

67.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Amended Complaint.

68.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint.

69.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

70.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint.

71.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint.

72.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Amended Complaint.

73.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Amended Complaint.

74.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint.

75.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint.

76.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint.

77.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Amended Complaint.

78.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Amended Complaint.

79.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Amended Complaint.

80.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Amended Complaint.

81.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Amended Complaint.

82.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Amended Complaint.

83.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Amended Complaint.

84.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Amended Complaint.

85.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Amended Complaint.

86.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Amended Complaint.

87.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Amended Complaint.

**THE SALE ACCOUNT**

88.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Amended Complaint.

89.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Amended Complaint.

90.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Amended Complaint.

91.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Amended Complaint.

92.    Rosenberg admits that he is Chief Executive Office of PFP, and denies that he received any unauthorized payments from the Sale Account.  Cohen admits that he is Chief Financial Officer of PFP, and denies that he received any unauthorized payments from the Sale Account.  Hester admits that he is Vice President of Sales for PFP, and denies that he received any unauthorized payments from the Sale Account. BH Associates denies that it received any unauthorized payments from the Sale Account. GRA denies that it received any unauthorized payments from the Sale Account. Rosenberg, Cohen, Hester, GRA and BH Associates deny knowledge and information sufficient to form a belief as to the truth of the remaining allegation set forth in paragraph 92 of the Complaint.  FAA, Earlywine and Today's Furniture deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Amended Complaint.

93.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Amended Complaint.

94.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Amended Complaint.

95.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Amended Complaint.

96.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Amended Complaint.

97.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Amended Complaint.

98.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Amended Complaint.

99.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Amended Complaint.

100.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Amended Complaint.

101.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Amended Complaint.

102.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Amended Complaint.

103.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Amended Complaint.

104.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Amended Complaint.

105.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Amended Complaint.

106.    Today's Furniture admits that it received checks from the Sale Account for payments related to the going out of business sale.  The remaining Defendants deny

knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Amended Complaint.

107.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Amended Complaint.

108.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Amended Complaint.

109.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Amended Complaint.

**ADVERTISING**

110.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Amended Complaint.

111.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Amended Complaint.

112.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Amended Complaint.

113.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Amended Complaint.

114.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Amended Complaint.

115.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Amended Complaint.

116.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Amended Complaint.

117.    Today's Furniture admits that it received checks from the Sale Account related to the going out of business sale, respectfully refers all matters of law to this honorable Court, and denies the truth of the remaining allegations set forth in paragraph 117 of the Amended Complaint.  The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Amended Complaint.

118.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Amended Complaint.

119.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Amended Complaint.

120.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Amended Complaint.

121.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Amended Complaint.


**OTHER MISCONDUCT**

122.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Amended Complaint.

123.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Amended Complaint.

124.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Amended Complaint.

125.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Amended Complaint.

126.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Amended Complaint.

127.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the Amended Complaint.

128.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Amended Complaint.

129.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Amended Complaint.

130.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Amended Complaint.

131.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Amended Complaint.

132.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Amended Complaint.

133.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the Amended Complaint.

134.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the Amended Complaint.

135.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Amended Complaint.

136.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Amended Complaint.

137.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the Amended Complaint.

138.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Amended Complaint.

139.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Amended Complaint.

140.    Earlywine admits that he was the auctioneer utilized by FAA to conduct the auction, and denies the truth of the remaining allegations set forth in paragraph 140 of the Amended Complaint.  FAA admits that it was the auction company that conducted the auction, and denies the truth of the remaining allegations set forth in paragraph 140 of the Amended Complaint.  GRA, Rosenberg, BH Associates, Cohen, Hester and Today's Furniture deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Amended Complaint.

141.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Amended Complaint.

142.    FAA denies the truth of the allegations contained in paragraph 142 of the Amended Complaint.  The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Amended Complaint.

143.    FAA denies that it was required to auction any item for any specific price or with a reserve, and denies knowledge and information sufficient to form a belief as to

the truth of the remaining allegations set forth in paragraph 143 of the Amended Complaint. Earlywine denies that he was working for PFP at the auction, and denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Amended Complaint. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Amended Complaint.

144.    FAA denies the truth of the allegations contained in paragraph 144 of the Amended Complaint. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Amended Complaint.

145.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Amended Complaint.

146.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the Amended Complaint.

147.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Amended Complaint.

148.    Hester denies that any trucks were unloaded at "his Florida location," and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 148 of the Amended Complaint. The remaining Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Amended Complaint.

149.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the Amended Complaint.

150.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 of the Amended Complaint.

151.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the Amended Complaint.

152.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Amended Complaint.

153.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the Amended Complaint.

154.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

## CAUSES OF ACTION

### AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
### FIRST CAUSE OF ACTION AGAINST PFP
### BREACH OF CONTRACT

155.    No response is necessary, as this Cause of Action is not applicable to Defendants.

156.    No response is necessary, as this Cause of Action is not applicable to Defendants.

157.    No response is necessary, as this Cause of Action is not applicable to Defendants.

158.    No response is necessary, as this Cause of Action is not applicable to Defendants.

159.    No response is necessary, as this Cause of Action is not applicable to Defendants.

160.    No response is necessary, as this Cause of Action is not applicable to Defendants.

### AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
### SECOND CAUSE OF ACTION AGAINST PFP
### BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING

161.    No response is necessary, as this Cause of Action is not applicable to Defendants.

162.    No response is necessary, as this Cause of Action is not applicable to Defendants.

163.    No response is necessary, as this Cause of Action is not applicable to Defendants.

164.    No response is necessary, as this Cause of Action is not applicable to Defendants.

165.    No response is necessary, as this Cause of Action is not applicable to Defendants.

166.    No response is necessary, as this Cause of Action is not applicable to Defendants.

167.    No response is necessary, as this Cause of Action is not applicable to Defendants.

### AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
### THIRD CAUSE OF ACTION AGAINST PFP
### BREACH OF FIDUCIARY DUTY

168.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

169.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

170.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

171.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

172.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

173.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

### AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
### FOURTH CAUSE OF ACTION AGAINST PFP
### COMMON LAW FRAUD

174.    No response is necessary, as this Cause of Action is not applicable to Defendants.

175.    No response is necessary, as this Cause of Action is not applicable to Defendants.

176.    No response is necessary, as this Cause of Action is not applicable to Defendants.

177.    No response is necessary, as this Cause of Action is not applicable to Defendants.

178.    No response is necessary, as this Cause of Action is not applicable to Defendants.

179.    No response is necessary, as this Cause of Action is not applicable to Defendants.

180.    No response is necessary, as this Cause of Action is not applicable to Defendants.

181.    No response is necessary, as this Cause of Action is not applicable to Defendants.

182.    No response is necessary, as this Cause of Action is not applicable to Defendants.

183.    No response is necessary, as this Cause of Action is not applicable to Defendants.

184.    No response is necessary, as this Cause of Action is not applicable to Defendants.

185.    No response is necessary, as this Cause of Action is not applicable to Defendants.

186.    No response is necessary, as this Cause of Action is not applicable to Defendants.

187.    No response is necessary, as this Cause of Action is not applicable to Defendants.

**AS AND FOR PLAINTIFF FINEMAN FURNITURE'S**
**FIFTH CAUSE OF ACTION AGAINST PFP**
**NEW YORK UNFAIR COMPETITION**

188.    No response is necessary, as this Cause of Action is not applicable to Defendants.

189.    No response is necessary, as this Cause of Action is not applicable to Defendants.

190.    No response is necessary, as this Cause of Action is not applicable to Defendants.

191.    No response is necessary, as this Cause of Action is not applicable to Defendants.

192.    No response is necessary, as this Cause of Action is not applicable to Defendants.

193.    No response is necessary, as this Cause of Action is not applicable to Defendants.

**AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
SIXTH CAUSE OF ACTION AGAINST PFP
<u>CONVERSION</u>**

194.    No response is necessary, as this Cause of Action is not applicable to Defendants.

195.    No response is necessary, as this Cause of Action is not applicable to Defendants.

196.    No response is necessary, as this Cause of Action is not applicable to Defendants.

197.    No response is necessary, as this Cause of Action is not applicable to Defendants.

198.    No response is necessary, as this Cause of Action is not applicable to Defendants.

199.    No response is necessary, as this Cause of Action is not applicable to Defendants.

200.    No response is necessary, as this Cause of Action is not applicable to Defendants.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
## SEVENTH CAUSE OF ACTION AGAINST PFP
### ACCOUNTING

201.    No response is necessary, as this Cause of Action is not applicable to Defendants.

202.    No response is necessary, as this Cause of Action is not applicable to Defendants.

203.    No response is necessary, as this Cause of Action is not applicable to Defendants.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### UNJUST ENRICHEMENT

204.    Defendants repeat each answer to the allegations asserted in paragraphs 1-203 as if fully set forth at length herein.

205.    Defendants deny the truth of the allegations set forth in paragraph 205 of the Amended Complaint.

206.    Defendants deny the truth of the allegations set forth in paragraph 206 of the Amended Complaint.

207.    Defendants deny the truth of the allegations set forth in paragraph 207 of the Amended Complaint.

## AS AND FOR PLAINTIF FINEMAN FURNITURE'S
## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (EXCEPT PFP)
## CONSPIRACY TO DEFRAUD

208.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

209.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

210.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

211.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

212.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

213.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

214.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

215.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
## TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (EXCEPT PFP)
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

216.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

217.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

218.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

219.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

220.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

**AS AND FOR PLAINTIFF SEYMOUR FINEMAN'S**
**ELEVENTH CAUSE OF ACTION AGAINST PFP**
**BREACH OF CONTRACT**

221.    No response is necessary, as this Cause of Action is not applicable to Defendants.

222.    No response is necessary, as this Cause of Action is not applicable to Defendants.

223.    No response is necessary, as this Cause of Action is not applicable to Defendants.

224.    No response is necessary, as this Cause of Action is not applicable to Defendants.

225.    No response is necessary, as this Cause of Action is not applicable to Defendants.

226.    No response is necessary, as this Cause of Action is not applicable to Defendants.

## FIRST AFFIRMATIVE DEFENSE

227.    Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

228.    Any damages Plaintiffs may have suffered are not attributable to acts or deeds of the Defendants.

## THIRD AFFIRMATIVE DEFENSE

229.    Defendants cannot be liable for any damages that Plaintiffs allegedly incurred because there was no quasi-contractual relationship between Defendants and Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

230.    If Plaintiffs sustained any damages as alleged in the Amended Complaint, then such damages were cause by Plaintiffs' assumption of risk.

## FIFTH AFFIRMATIVE DEFENSE

231.    Defendants acted reasonably and in good faith at all time relating to this matter.

**WHEREFORE,** defendants Gene Rosenberg and Associates, LLC, Furniture

Auctions of America, Today's Furniture, BH Associates, Lester Roy Hester, Paul Cohen,

Eugene Rosenberg and Kurt Earlywine demand judgment against Plaintiffs dismissing

this action in its entirety, awarding Defendants their costs and expenses incurred in

defending this action, and all other and further relief as this Court deems just and proper.

Dated: New York, NY
      February 29, 2008

                              COHEN TAUBER SPIEVACK
                              & WAGNER P.C.

                              By: _____
                                   Sari Kolatch
                                   Leo L. Esses
                              *Counsel to Defendants*
                              420 Lexington Avenue, 24th Floor
                              New York, NY 10170
                              Telephone: 212.586.5800
                              Facsimile: 212.586.5095