UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

FINEMAN FURNITURE CO. INC. and     :
SEYMOUR FINEMAN, individually,     :

                      Plaintiffs,     :

                **v.**     :

PLANNED FURNITURE PROMOTIONS,     :
INC., GENE ROSENBERG AND     :
ASSOCIATES, LLC, EUGENE ROSENBERG :
LESTER ROY HESTER, PAUL COHEN,     :
KURT EARLYWINE, FURNITURE     :
AUCTIONS OF AMERICA, TODAY'S     :
FURNITURE, and BH ASSOCIATES, INC.,     :

                   Defendants.     :

-------------------------------------------------------X

Civil Action No. 07 Civ. 9749 (JSR)

**PLANNED FURNITURE
PROMOTIONS, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND
<u>COUNTERCLAIM</u>**

Defendant Planned Furniture Promotions, Inc. ("PFP"), by and through its

attorneys, Cohen Tauber Spievack & Wagner P.C., answers the Amended Complaint of

Plaintiffs Fineman Furniture Co. Inc. ("Fineman Furniture") and Seymour Fineman

("Fineman," together with Fineman Furniture, the "Plaintiffs") (the "Amended

Complaint") as follows:

<u>INTRODUCTION</u>

      1.     Admits PFP is well-known and reputable national company, and except as

so admitted, denies knowledge and information sufficient to form a belief as to the truth

of the remaining allegations set forth in paragraph 1 of the Amended Complaint.

      2.     Denies the truth of the allegations set forth in paragraph 2 of the Amended

Complaint.

      3.     Denies the truth of the allegations set forth in paragraph 3 of the Amended

Complaint, and respectfully refers all matters of law to this honorable Court.

## THE PARTIES

4.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6.      Admits the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

## JURISDICTION AND VENUE

15.    Neither admits nor denies the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

16.    Denies that PFP caused any injury to Plaintiffs, neither admits nor denies the truth of the remaining allegations set forth in paragraph 16 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

17.    Neither admits nor denies the truth of the allegations set forth in paragraph 17 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

## FACTS APPLICABLE TO ALL COUNTS

18.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

20.    Admits that Mr. Fineman entered into discussions with PFP, and except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Amended Complaint.

21.    Admits that in February 2006, Bobbie and Arvin Pine met with Seymour Fineman, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 21 of the Amended Complaint.

22.    Admits that in February and March 2006, Roy Hester and Seymour Fineman had several telephone conversations, that PFP was involved in sales in New

York, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 22 of the Amended Complaint.

23.    Admits that in February 2006, Roy Hester and Seymour Fineman had several telephone conversations, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 23 of the Amended Complaint.

24.    Admits that in February 2006, Roy Hester, Arvin and Bobbie Pine and Seymour Fineman met at Fineman Furniture, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 24 of the Amended Complaint.

25.    Admits that Hester sent a letter to Plaintiffs, dated February 20, 2006, and respectfully refers this honorable Court to the February 20, 2006 letter for its full terms and meaning.

26.    Neither admits nor denies the truth of the allegations set forth in paragraph 26 of the Amended Complaint, and respectfully refers this honorable Court to the February 20, 2006 letter and the PFP website at www.pfpromotions.com for their context, terms and meanings.

27.    Denies the truth of the allegations set forth in paragraph 27 of the Amended Complaint, and respectfully refers this honorable Court to Exhibit 2 attached to the Amended Complaint for its full terms and meanings.

28.    Admits that in February 2006, Roy Hester and Seymour Fineman had numerous telephone conversations, and expect as so admitted, denies the truth of the remaining allegations set forth in paragraph 28 of the Amended Complaint.

29.    Neither admits nor denies the truth of the allegations contained in paragraph 29 of the Amended Complaint, and respectfully refers this honorable Court to the February 27, 2006 letter for its context, terms and meanings.

30.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 30 of the Amended Complaint, and denies the truth of the allegations set forth in the second sentence of paragraph 30 of the Amended Complaint.

31.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint.

32.    Denies the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33.    Admits that PFP and Fineman Furniture entered into the Agreement, and except as so admitted, denies that Fineman Furniture and Fineman were not represented by counsel, as they were represented by Junie Hahn of Wolff Sampson P.C.

34.    Denies the truth of the allegations set forth in paragraph 34 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its context, terms and meanings.

35.    Admits that the theme sale commenced on or about April 9, 2006.

36.    Admits that the GOB Sale commenced on or about May 8, 2006.

**PFP'S PREPARATION FOR THE GOB SALE**

37.    Neither admits nor denies the truth of the allegations set forth in paragraph 37 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

38.      Admits that PFP agreed to conduct an inventory pursuant to the terms of the Agreement and denies that it failed to complete the inventory count or had an obligation to prepare an "inventory database," and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

39.      Denies the truth of the allegation set forth in paragraph 39 of the Amended Complaint.

40.      Denies the truth of the allegations set forth in paragraph 40 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

41.      Denies the truth of the allegations set forth in paragraph 41 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

42.      Denies the truth of the allegations set forth in paragraph 42 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

43.      Neither admits nor denies the truth of the allegations set forth in paragraph 43 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

44.      Neither admits nor denies the truth of the allegations set forth in paragraph 44 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

45.      Denies the truth of the allegations set forth in paragraph 45 of the Amended Complaint.

46.    Denies the truth of the allegations set forth in paragraph 46 of the Amended Complaint.

47.    Denies the truth of the allegations set forth in paragraph 47 of the Amended Complaint.

48.    Denies the truth of the allegations set forth in paragraph 48 of the Amended Complaint.

49.    Denies the truth of the allegations set forth in paragraph 49 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meaning.

50.    Denies the truth of the allegations set forth in paragraph 50 of the Amended Complaint.

51.    Denies the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

52.    Denies the truth of the allegations set forth in paragraph 52 of the Amended Complaint.

53.    Admits that PFP used code letters and acronyms on Fineman Furniture Inventory and Additional Inventory and on sales invoices, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 53 of the Amended Complaint.

54.    Denies the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55.    Denies the truth of the allegations set forth in paragraph 55 of the Amended Complaint.

56.    Denies the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57.    Denies the truth of the allegations set forth in paragraph 57 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

## PFP'S SALE OF THE INVENTORY

58.    Denies the truth of the allegations set forth in paragraph 58 of the Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

59.    Denies the truth of the allegations set forth in paragraph 59 of the Amended Complaint.

60.    Denies the truth of the allegations set forth in paragraph 60 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

61.    Neither admits nor denies the truth of the allegations set forth in paragraph 61 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

62.    Denies the truth of the allegations set forth in paragraph 62 of the Amended Complaint.

63.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

64.     Denies that Mr. Fineman gave limited authorization to purchase Additional Inventory, admits that PFP brought in Additional Inventory, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

65.     Denies the truth of the allegations set forth in paragraph 65 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

66.     Neither admits nor denies the truth of the allegations set forth in paragraph 66 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

67.     Denies the truth of the allegations set forth in paragraph 67 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

68.     Denies the truth of the allegations set forth in paragraph 68 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

69.     Denies the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

70.     Denies the truth of the allegations set forth in paragraph 70 of the Amended Complaint.

71.     Denies the truth of the allegations set forth in paragraph 71 of the Amended Complaint.

72.     Denies the truth of the allegations set forth in paragraph 72 of the Amended Complaint.

73.     Denies the truth of the allegations set forth in paragraph 73 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

74.     Denies the truth of the allegations set forth in paragraph 74 of the Amended Complaint.

75.     Denies the truth of the allegations set forth in paragraph 75 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

76.     Denies the truth of the allegations set forth in paragraph 76 of the Amended Complaint.

77.     Neither admits nor denies the truth of the allegations set forth in paragraph 77 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

78.     Denies the truth of the allegations set forth in paragraph 78 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

79.     Neither admits nor denies the truth of the allegations set forth in the first sentence of paragraph 79 of the Complaint, denies the truth of the allegations set forth in the second, third and fourth sentences of paragraph 79 of the Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

80.     Neither admits nor denies the truth of the allegations set forth in paragraph 80 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

81.     Denies the truth of the allegations set forth in paragraph 81 of the Amended Complaint.

82. Denies the truth of the allegations set forth in paragraph 82 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

83. Denies the truth of the allegations set forth in paragraph 83 of the Amended Complaint.

84. Denies the truth of the allegation set forth in paragraph 84 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

85. Denies the truth of the allegation set forth in paragraph 85 of the Amended Complaint.

86. Neither admits nor denies the truth of the allegations set forth in paragraph 86 of the Amended Complaint, respectfully refers this honorable Court to its full website for its terms and meanings, and respectfully refers all matters of law to this honorable Court.

87. Denies the truth of the allegations set forth in paragraph 87 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

**THE SALE ACCOUNT**

88. Admits PFP established a bank account for the GOB Sale into which all proceeds of the GOB Sale were deposited, and except as so admitted, neither admits nor denies the truth of the remaining allegations set forth in paragraph 88 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

89. Denies the truth of the allegations set forth in paragraph 89 of the Amended Complaint.

90.     Denies the truth of the allegations set forth in paragraph 90 of the Amended Complaint.

91.     Denies the truth of the allegations set forth in paragraph 91 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

92.     Denies the truth of the allegations set forth in paragraph 92 of the Amended Complaint.

93.     Denies the truth of the allegations set forth in paragraph 93 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

94.     Admits that checks were written from the Sale Account to CTSW, that a portion of check number 1169 was inadvertently paid in the amount of $828.00 for the negotiation of the Agreement on an invoice containing both Sale Expenses and non-Sale Expenses, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 94 of the Amended Complaint.

95.     Denies the truth of the allegations set forth in paragraph 95 of the Amended Complaint.

96.     Denies the truth of the allegations set forth in paragraph 96 of the Amended Complaint.

97.     Denies the truth of the allegations set forth in paragraph 97 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

98.     Denies the truth of the allegations set forth in paragraph 98 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

99.     Denies the truth of the allegations set forth in paragraph 99 of the Amended Complaint.

100.    Denies the truth of the allegations set forth in paragraph 100 of the Amended Complaint.

101.    Denies the truth of the allegations set forth in paragraph 101 of the Amended Complaint.

102.    Denies the truth of the allegations set forth in paragraph 102 of the Amended Complaint.

103.    Denies the truth of the allegations set forth in paragraph 103 of the Amended Complaint.

104.    Denies the truth of the allegations set forth in paragraph 104 of the Amended Complaint.

105.    Denies the truth of the allegations set forth in paragraph 105 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

106.    Admits that checks were written to Today's Furniture, and except as so admitted, denies information and belief as to the truth of the remaining allegations set forth in paragraph 106 of the Amended Complaint.

107.    Denies the truth of the allegations set forth in paragraph 107 of the Amended Complaint.

108.    Denies the truth of the allegations set forth in paragraph 108 of the Amended Complaint.

109.    Denies the truth of the allegations set forth in paragraph 109 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

**ADVERTISING**

110.    Neither admits nor denies the truth of the allegations set forth in paragraph 110 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

111.    Denies the truth of the allegations set forth in paragraph 111 of the Amended Complaint.

112.    Admits that PFP advertised on cable television, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 112 of the Amended Complaint.

113.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Amended Complaint.

114.    Denies the truth of the allegations set forth in paragraph 114 of the Amended Complaint.

115.    Denies the truth of the allegations set forth in the first sentence of paragraph 115 of the Amended Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 115 of the Amended Complaint.

116.    Denies the truth of the allegations of the first and third sentences of paragraph 116 of the Amended Complaint, respectfully refers this honorable Court to the Agreement for its full terms and meanings, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 116 of the Amended Complaint.

117.    Admits that checks were written to Today's Furniture, and denies the truth of the remaining allegations set forth in paragraph 117 of the Amended Complaint.

118.    Admits that checks were written to Kaufman Advertising Agency, and denies the truth of the remaining allegations set forth in paragraph 188 of the Amended Complaint.

119.    Denies the truth of the allegations set forth in paragraph 119 of the Amended Complaint.

120.    Neither admits nor denies the truth of the allegations set forth in paragraph 120 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

121.    Denies the truth of the allegations set forth in paragraph 121 of the Amended Complaint.

**OTHER MISCONDUCT**

122.    Neither admits nor denies the truth of the allegations set forth in paragraph 122 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

123.    Denies the truth of the allegations set forth in paragraph 123 of the Amended Complaint.

124.    Denies the truth of the allegations set forth in paragraph 124 of the Amended Complaint.

125.    Denies that PFP caused any damage to Fineman Furniture assets that required repair.

126.    Denies the truth of the allegation set forth in paragraph 126 of the Amended Complaint.

127.    Neither admits nor denies the truth of the allegations set forth in paragraph 127 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

128.    Neither admits nor denies the truth of the allegations set forth in paragraph 128 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

129.    Denies the truth of the allegations set forth in paragraph 129 of the Amended Complaint.

130.    Denies the truth of the allegations set forth in paragraph 130 of the Amended Complaint.

131.    Neither admits nor denies the truth of the allegations set forth in paragraph 131 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

132.    Admits the truth of the allegations set forth in the first sentence of paragraph 132 of the Amended Complaint, denies the truth of the allegations set forth in the second sentence of paragraph 132 of the Amended Complaint, respectfully refers this honorable Court to the Agreement for its full text and meanings, and denies knowledge or

information sufficient to form a basis as to the truth of the remaining allegations set forth in paragraph 132 of the Amended Complaint.

133.    Denies the truth of the allegations set forth in paragraph 133 of the Amended Complaint.

134.    Denies the truth of the allegations set forth in paragraph 134 of the Amended Complaint.

135.    Denies the truth of the allegations set forth in paragraph 135 of the Amended Complaint.

136.    Denies the truth of the allegations set forth in paragraph 136 of the Amended Complaint.

137.    Denies the truth of the allegations set forth in paragraph 137 of the Amended Complaint.

138.    Admits that an auction was conducted, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

139.    Admits that an auction was conducted, denies knowledge or information sufficient to form a belief as to the truth of the last sentence of paragraph 139 of the Amended Complaint, and denies the truth of the remaining allegations set forth in paragraph 139 of the Amended Complaint.

140.    Admits that there was no written agreement for the auction, denies the truth of the remaining allegations set forth in paragraph 140 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

141.    Admits that expenses for the auction were paid out of the Sale Account, as such expenses were Sale Expenses, denies the truth of the remaining allegations set forth in paragraph 141 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

142.    Denies the truth of the allegations set forth in paragraph 142 of the Amended Complaint.

143.    Denies the truth of the allegations set forth in paragraph 143 of the Amended Complaint.

144.    Denies the truth of the allegations set forth in paragraph 144 of the Amended Complaint.

145.    Denies the truth of the allegations set forth in paragraph 145 of the Amended Complaint.

146.    Denies the truth of the allegations set forth in paragraph 146 of the Amended Complaint.

147.    Admits that after the auction, furniture was loaded onto trailers and shipped from Fineman Furniture, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 147 of the Amended Complaint.

148.    Admits that Additional Inventory and Company Inventory was removed from Fineman Furniture after the auction, and except as so admitted, denies the truth of the remaining allegations set forth in paragraph 148 of the Amended Complaint.

149.    Denies the truth of the allegations set forth in paragraph 149 of the Amended Complaint.

150.    Denies the truth of the allegations set forth in paragraph 150 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

151.    Denies the truth of the allegations set forth in paragraph 151 of the Amended Complaint.

152.    Neither admits nor denies the truth of the allegations set forth in paragraph 152 of the Amended Complaint, and respectfully refers to this honorable Court the Agreement for its full terms and meanings.

153.    Admits that no profit distribution was made to Fineman Furniture.

154.    Denies the truth of the allegations set forth in paragraph 154 of the Amended Complaint.

## CAUSES OF ACTION

### AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
### FIRST CAUSE OF ACTION AGAINST PFP
### BREACH OF CONTRACT

155.    PFP repeats each answer to the allegations asserted in paragraphs 1 through 154 as if fully set forth at length herein.

156.    Admits that PFP and Fineman Furniture entered into the Agreement.

157.    Denies the truth of the allegations set forth in paragraph 157 of the Amended Complaint.

158.    Denies the truth of the allegations set forth in paragraph 158 of the Amended Complaint.

159.    Denies the truth of the allegations set forth in paragraph 159 of the Amended Complaint.

160.    Denies the truth of the allegations set forth in paragraph 160 of the Amended Complaint.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
## SECOND CAUSE OF ACTION AGAINST PFP
## BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING

161.    PFP repeats each answer to the allegations asserted in paragraphs 1 through 160 as if fully set forth at length herein.

162.    Admits that PFP and Fineman Furniture entered into the Agreement, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

163.    Neither admits nor denies the truth of the allegations set forth in paragraph 163 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

164.    Neither admits nor denies the truth of the allegations set forth in paragraph 164 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

165.    Denies the truth of the allegations set forth in paragraph 165 of the Amended Complaint.

166.    Denies the truth of the allegations set forth in paragraph 166 of the Amended Complaint.

167.    Denies the truth of the allegations set forth in paragraph 167 of the Amended Complaint.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
## THIRD CAUSE OF ACTION AGAINST PFP
## BREACH OF FIDUCIARY DUTY

168.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

169.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

170.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

171.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

172.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

173.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
## FOURTH CAUSE OF ACTION AGAINST PFP
## COMMON LAW FRAUD

174.    PFP repeats each answer to the allegations asserted in paragraphs 1 through 173 as if fully set forth at length herein.

175.    Denies the truth of the allegations set forth in paragraph 175 of the Amended Complaint.

176.    Denies the truth of the allegations set forth in paragraph 176 of the Amended Complaint.

177.    Denies the truth of the allegations set forth in paragraph 177 of the Amended Complaint.

178.    Denies the truth of the allegations set forth in paragraph 178 of the Amended Complaint.

179.    Denies the truth of the allegations set forth in paragraph 179 of the Amended Complaint.

180.    Denies the truth of the allegations set forth in paragraph 180 of the Amended Complaint.

181.    Denies the truth of the allegations set forth in paragraph 181 of the Amended Complaint.

182.    Denies the truth of the allegations set forth in paragraph 182 of the Amended Complaint.

183.    Denies the truth of the allegations set forth in paragraph 183 of the Amended Complaint.

184.    Denies the truth of the allegations set forth in paragraph 184 of the Amended Complaint.

185.    Denies the truth of the allegations set forth in paragraph 185 of the Amended Complaint.

186.    Denies the truth of the allegations set forth in paragraph 186 of the Amended Complaint.

187.    Denies the truth of the allegations set forth in paragraph 187 of the Amended Complaint.

**AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
FIFTH CAUSE OF ACTION AGAINST PFP
NEW YORK UNFAIR COMPETITION**

188.     PFP repeats each answer to the allegations asserted in paragraphs 1 through 187 as if fully set forth at length herein.

189.     Neither admits nor denies the truth of the allegations set forth in paragraph 189 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

190.     Denies the truth of the allegations set forth in paragraph 190 of the Amended Complaint.

191.     Denies the truth of the allegations set forth in paragraph 191 of the Amended Complaint.

192.     Denies the truth of the allegations set forth in paragraph 192 of the Amended Complaint.

193.     Denies the truth of the allegations set forth in paragraph 193 of the Amended Complaint.

**AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
SIXTH CAUSE OF ACTION AGAINST PFP
CONVERSION**

194.     PFP repeats each answer to the allegations asserted in paragraphs 1 through 193 as if fully set forth at length herein.

195.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195 of the Amended Complaint.

196.     Denies the truth of the allegations set forth in paragraph 196 of the Amended Complaint.

197.    Denies the truth of the allegations set forth in paragraph 197 of the Amended Complaint.

198.    Denies the truth of the allegations set forth in paragraph 198 of the Amended Complaint.

199.    Denies the truth of the allegations set forth in paragraph 199 of the Amended Complaint.

200.    Denies the truth of the allegations set forth in paragraph 200 of the Amended Complaint.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S SEVENTH CAUSE OF ACTION AGAINST PFP ACCOUNTING

201.    PFP repeats each answer to the allegations asserted in paragraphs 1 through 200 as if fully set forth at length herein.

202.    Denies the truth of the allegations set forth in paragraph 202 of the Amended Complaint.

203.    Denies the truth of the allegations set forth in paragraph 203 of the Amended Complaint.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS UNJUST ENRICHEMENT

204.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

205.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

206.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

207.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

## AS AND FOR PLAINTIF FINEMAN FURNITURE'S
## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (EXCEPT PFP)
## CONSPIRACY TO DEFRAUD

208.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

209.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

210.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

211.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

212.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

213.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

214.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

215.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

## AS AND FOR PLAINTIFF FINEMAN FURNITURE'S
## TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (EXCEPT PFP)
### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

216.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

217.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

218.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

219.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

220.    No response is necessary, as this Cause of Action has been dismissed with prejudice.

## AS AND FOR PLAINTIFF SEYMOUR FINEMAN'S
## ELEVENTH CAUSE OF ACTION AGAINST PFP
### BREACH OF CONTRACT

221.     PFP repeats each answer to the allegations asserted in paragraphs 1 through 220 as if fully set forth at length herein.

222.    Denies the truth of the allegations set forth in paragraph 222 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

223.    Denies the truth of the allegations set forth in paragraph 223 of the Amended Complaint, and respectfully refers this honorable Court to the Agreement for its full terms and meanings.

224.    Denies the truth of the allegations set forth in paragraph 224 of the Amended Complaint.

225.    Denies the truth of the allegations set forth in paragraph 225 of the Amended Complaint.

226.    Denies the truth of the allegations set forth in paragraph 226 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

227.    Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

228.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

229.    Plaintiffs' claims are barred in whole, or in part, because Plaintiffs voluntarily incurred all purported damages alleged herein.

### FOURTH AFFIRMATIVE DEFENSE

230.    Plaintiffs fail to state a basis for the award of exemplary or punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

231.    Plaintiffs' conduct regarding their duties under the contract constituted a breach of said contract, and such a breach either bars or proportionately reduces any potential recovery by Plaintiffs and/or entitles PFP to recover any damages it has incurred as a result of Plaintiffs' breach.

### SIXTH AFFIRMATIVE DEFENSE

232.    The conduct of Plaintiffs, regarding the duty to cooperate, constituted a breach of said duty resulting in prejudice to PFP, and such failure to cooperate either bars

or proportionately reduces any potential recovery by Plaintiffs, and/or entitles PFP to recover any damages it has incurred as a result of Plaintiffs' breach.

## COUNTERCLAIM

Planned Furniture Promotions, Inc. ("PFP"), by and through its attorneys, Cohen Tauber Spievack & Wagner P.C., for its counterclaim against Plaintiff Fineman Furniture Co. Inc. ("Fineman Furniture"), alleges as follows:

## THE PARTIES

233.    Counterclaim Plaintiff Planned Furniture Promotions, Inc. is a Pennsylvania corporation with its principal place of business located at 9 Moody Road, Building D, Suites 17-18, Enfield, Connecticut 06082.  PFP is authorized to conduct business in the State of New York.

234.    Upon information and belief, including the allegations contained in the Amended Complaint, Counterclaim Defendant Fineman Furniture Co. Inc. is a New York corporation with its principal place of business at 2182-2192 Third Avenue, New York, New York 10035.

## JURISDICTION AND VENUE

235.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

236.    This Court has personal jurisdiction over the Counterclaim Defendant because (i) the Counterclaim Defendants regularly transacts business in the State and City of New York, and (iii) the Counterclaim Defendant has caused injury to PFP in this district.

237.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because (i) the Counterclaim Defendant regularly transacts business in the State and City of New York, and (ii) a substantial part of the events giving rise to the counterclaims herein occurred in this district.

## BACKGROUND

238.    PFP is engaged in the business of providing consulting services to furniture stores to aid in the conduct of high impact promotional sales, including, but not limited to, going out of business sales ("Promotional Sales"). Planned Furniture has been in the business of conducting Promotional Sales throughout the United States for over 40 years.

239.    In and around February and March 2006, Seymour Fineman, President of Fineman Furniture, approached PFP regarding Fineman Furniture and PFP negotiating for PFP to conduct a Promotional Sale on behalf of Fineman Furniture.

240.    Initially, PFP considered entering into an agreement with Fineman Furniture to conduct a Promotional Sale whereby PFP would, among other things, advance money for the sale, advance money to Fineman Furniture that would be secured by Fineman Furniture's existing inventory, pay expenses of the sale and would be responsible for any risk of loss (the "Up-Front Payment Agreement").

241.    However, after meeting Seymour Fineman, talking with his staff and reviewing Fineman Furniture's existing inventory of furniture and financial status, PFP, by letter dated February 20, 2006, advised Seymour Fineman and Fineman Furniture that PFP would not enter into the Up-Front Payment Agreement because of (1) the condition and age of Fineman Furniture's existing inventory of furniture and accessories, (ii)

Fineman's failure to provide PFP with tax returns or financial statements, and (iii) Fineman Furniture's occupancy costs.

242.    In other words, based upon Fineman Furniture's questionable financial status and weak inventory of furniture, PFP refused to enter the Up-Front Payment Agreement whereby PFP would, among other things, be responsible for any loss at the end of the Promotional Sale.

243.    Instead, PFP offered to enter into a commission agreement whereby Fineman Furniture would bear the risk of loss.

244.    After negotiations between PFP and Fineman Furniture and their counsel, on March 27, 2006, PFP and Fineman Furniture entered into the Sale Promotion Consulting Agreement, dated March 27, 2008 (the "Agreement").

245.    In relevant part, the Agreement states at Section 2.1(d) that PFP will "advance funds for services in preparation of the Sale and for Sale expenses, in [PFP's] discretion, which advances will be reimbursed to [PFP] from the Sale Accounts."

246.    In relevant part, the Agreement states at Section 12 that "THE COMPANY ACKNOWLEDGES THAT THE SALE MAY RESULT IN A NET LOSS AND THAT THE COMPANY WILL BE RESPONSIBLE FOR PAYMENT OF SUCH LOSS FROM ITS SEPARATE ASSETS (INCLUDING COMPANY INVENTORY)." (emphasis in original).

247.    In relevant part, the Agreement states at Section 13.10 that "[I]t is understood that the appropriate officer or director of the Company executing this Agreement has carefully read the entire terms of this Agreement and know and

understand its binding effect, and have been advised to take the opportunity to review its terms with an attorney prior to execution."

248.    Finally, in relevant part, the Agreement states at Section 16.4 that "[T]his Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof, and supercedes any and all prior agreements between [Fineman Furniture] and [PFP], whether written or oral, relating to any or all matters covered by and contained or otherwise dealt with in this Agreement."

249.    Pursuant to Section 2.1(d) of the Agreement, PFP initially advanced money for the benefit of the GOB Sale in the amount of $226,000 and then an additional $40,000 during the course of the GOB Sale (the "First Advance").

250.    Pursuant to Section 4.3 of the Agreement, PFP was paid back the First Advance of $266,000.  Specifically, PFP was paid back $26,000 by check number 1136, $25,000 by check number 1154, $25,000 by check number 1173, $25,000 by check number 1186, $25,000 by check number 1211, $30,000 by check number 1238, $47,400 by check number 1284, $11,300 by check number 1288, $11,300 by check number 1289, $20,000 by check number 1315, and $20,000 by check number 1323.

251.    However, due to the direct and proximate refusal of Fineman Furniture to pay for the $98,916.32 loss at the GOB Sale pursuant to Section 12 of the Agreement, an additional advance was made to the Sale Account to pay bills from the GOB sale, bills that are the responsibility of Fineman Furniture.

252.    Specifically, an additional advance of $100,859.69 was made to the Sale Account.  Of this additional advance, only $1,943.37 has been reimbursed.

## AS AND FOR PFP'S FIRST COUNTERCLAIM FOR
## RELIEF FOR BREACH OF CONTRACT

253.    Paragraphs 324 through 252 are repeated and realleged as if fully set forth herein.

254.    PFP and Fineman Furniture entered into the Agreement.

255.    Fineman Furniture has breached the Agreement, including, but not limited to, failing to reimburse PFP for covering the loss.

256.    PFP performed its obligations under the Agreement.

257.    PFP has been damaged by Fineman Furniture's breach of the Agreement.

258.    As a result of Fineman Furniture's breach, PFP has suffered damages in an amount to be determined at trial, but in no event less than $98,916.32 plus pre- and post judgment interest.

**WHEREFORE,** Planned Furniture Promotions, Inc. demands judgment in its favour (i) dismissing the Amended Complaint in its entirety (ii) awarding PFP, on its First Counterclaim for breach of contract, $98,916.32 together with pre- and post-judgment interest thereon at the applicable statutory or legal rate; and (iii) granting other such relief to PFP as this Court deems just and proper under the circumstances, including, but not limited to, PFP's attorneys' fees and other such costs and expenses.

Dated:  New York, NY
        February 29, 2008

COHEN TAUBER SPIEVACK & WAGNER P.C.

By: _____
        Sari Kolatch
        Leo L. Esses
        *Counsel to Defendant/Counterclaim Plaintiff*
        420 Lexington Avenue, 24th Floor
        New York, NY 10170
        Telephone: 212.586.5800