UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINEMAN FURNITURE CO. INC. and SEYMOUR FINEMAN, individually,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PLANNED FURNITURE PROMOTIONS, INC., GENE ROSENBERG AND ASSOCIATES, LLC, EUGENE ROSENBERG, LESTER ROY HESTER, PAUL COHEN, KURT EARLYWINE, FURNITURE AUCTIONS OF AMERICA, TODAY'S FURNITURE, and BH ASSOCIATES, INC.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 07 Civ. 9749 (JSR)<br><br>**FINEMAN FURNITURE CO. INC.'S ANSWER TO THE COUNTERCLAIM OF PLANNED FURNITURE PROMOTIONS, INC.** |

Fineman Furniture Co. Inc. ("Fineman Furniture"), by its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, answers the Counterclaim asserted by Planned Furniture Promotions, Inc. ("PFP") in paragraphs numbered to correspond with PFP's counterclaims, as follows:

　　　　233.　Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233 of the Counterclaim.

　　　　234.　Admits the allegations of paragraph 234 of the Counterclaim.

　　　　235.　Neither admits nor denies the truth of the allegations set forth in paragraph 235 of the Counterclaim, and respectfully refers all matters of the law to this honorable Court.

236. Denies that Fineman Furniture caused any injury to PFP, neither admits nor denies the truth of the remaining the allegations set forth in paragraph 236 of the Counterclaim, and respectfully refers all matters of law to this honorable Court.

237. Neither admits nor denies the truth of the allegations set forth in paragraph 237 of the Counterclaim, and respectfully refers all matters of law to this honorable Court.

238. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238 of the Counterclaim.

239. Denies the allegations of paragraph 239 of the Counterclaim, except admits that in or about February and March 2006, Seymour Fineman and PFP had discussions regarding a liquidation sale on behalf of Fineman Furniture.

240. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 240 of the Counterclaim.

241. Denies the allegations set forth in paragraph 241 of the Counterclaim, and refers to the text of the February 20, 2006 letter for proof of the contents thereof.

242. Denies the allegations of paragraph 242 of the Counterclaim.

243. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243 of the Counterclaim.

244. Denies the allegations of paragraph 244 of the Counterclaim, except admits that PFP and Fineman Furniture entered into a Sale Promotion Consulting Agreement, dated March 27, 2006.

245. Denies the allegations set forth in paragraph 245 of the Counterclaim, and refers to the text of the Sale Promotion Consulting Agreement for proof of the contents thereof.

246. Denies the allegations set forth in paragraph 246 of the Counterclaim, and refers to the text of the Sale Promotion Consulting Agreement for proof of the contents thereof.

247. Denies the allegations set forth in paragraph 247 of the Counterclaim, and refers to the text of the Sale Promotion Consulting Agreement for proof of the contents thereof.

248. Denies the allegations set forth in paragraph 248 of the Counterclaim, and refers to the text of the Sale Promotion Consulting Agreement for proof of the contents thereof.

249. Denies the allegations set forth in paragraph 249 of the Counterclaim, and refers to the text of the Sale Promotion Consulting Agreement for proof of the contents thereof.

250. Denies the allegations of paragraph 250 of the Counterclaim, except admits that PFP wrote the following checks from the Sale Account: check no. 1136 in the amount of $26,000, check no. 1154 in the amount of $25,000, check no. 1173 in the amount of $25,000, check no. 1186 in the amount of $25,0000, check no. 1211 in the amount of $25,000, check no. 1238 in the amount of $30,000, check no. 1284 in the amount of $47,400, check no. 1288 in the amount of $11,3000, check no. 1289 in the amount of $11,300, check no. 1315 in the amount of $20,000 and check no. 1323 in the amount of $20,000.

251. Denies the allegations set forth in paragraph 251 of the Counterclaim.

252. Denies the allegations set forth in paragraph 252 of the Counterclaim.

253. Fineman Furniture repeats and realleges each answer to the allegations asserted in paragraphs 253 of the Counterclaim.

254. Admits the allegations set forth in paragraph 254 of the Counterclaim.

255. Denies the allegations set forth in paragraph 255 of the Counterclaim.

256. Denies the allegations set forth in paragraph 256 of the Counterclaim.

257. Denies the allegations set forth in paragraph 257 of the Counterclaim.

258. Denies the allegations set forth in paragraph 258 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

PFP has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

PFP's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

PFP's claims are barred, in whole or in part, because PFP voluntarily incurred all purported damages alleged herein.

**FOURTH AFFIRMATIVE DEFENSE**

PFP's conduct regarding their duties under the contract constituted a breach of said contract, and such a breach either bars or proportionately reduces any potential recovery by PFP and/or entitles Fineman Furniture to recover any damages it has incurred as a result of PFP's breach.

**FIFTH AFFIRMATIVE DEFENSE**

The conduct of PFP, regarding the duty to cooperate, constituted a breach of said duty, resulting in prejudice to Fineman Furniture, and such failure to cooperate either bars or proportionately reduces any potential recovery by PFP, and/or entitles Fineman Furniture to recover any damages it has incurred as a result of PFP's breach.

Dated: New York, New York
March 12 , 2008

> KIRKPATRICK & LOCKHART PRESTON
> GATES ELLIS LLP
>
> By:___/s/ Douglas F. Broder_____
> Douglas F. Broder (DB 8406)
> Catherine R. Keenan (CK 5925)
> 599 Lexington Avenue
> New York, New York 10022
> Telephone: (212) 536-4808
> Facsimile: (212) 536-3901
>
> Attorneys for Plaintiffs Fineman Furniture Co. Inc. and Seymour Fineman